No. 371

First Circuit

---

PARKER v. W. G. RAGLEY LUMBER CO.

---

(December 4, 1928. Opinion and Decree.)

---

M. R. Stewart, of Lake Charles, and E. L. Stewart, of De Ridder, attorneys for plaintiff, appellant.

Cline, Plauche & Girod, of Lake Charles, attorneys for defendant, appellee.

LECHE, J. The demand in this suit is for compensation under the Employers' Liability Act, and the question as submitted for decision is whether plaintiff's right of action is prescribed.

Plaintiff was injured about August 31, 1923, and entered into an agreement with defendant on April 7, 1924, whereby he accepted a lump sum in settlement of his claim for compensation. That agreement was submitted to the District Judge and approved by the latter on April 21, 1924. The present suit, assuming as null the agreement of April 7, 1924, on the ground of fraud and deception, is to urge a claim for compensation as if no such agreement had ever been entered into and was filed on November 18, 1927.

By an amendment of the law, as provided in Sec. 8, paragraph 8, p. 79 of Acts of 1922, the prescriptive period within which an action may be brought to set aside a lump sum settlement, where such lump sum settlement is made at a greater rate of discount than eight per cent, whether approved by the Judge or not, is fixed at five years. Such was the prescriptive limit within which an action to set aside a lump sum settlement on the ground that a discount greater than eight per cent had been deducted, could be instituted, at the time the agreement in this case was entered into. Act 216 of 1924, at page 452, re-enacted the same paragraph and section but did not change the ground upon which, nor the period during which, an action to annul a lump sum settlement could be filed.

Paragraph 8 of Section 8 of the Employers' Liability Act was again re-enacted in the same words by Act 242, at page 389 of the Acts of 1928, except that the prescriptive period is therein changed and fixed at two years in lieu of five years.

Plaintiff's suit is for the purpose of recognizing as null the agreement of April 7, 1924, not on the ground that the discount exceeded eight per cent, but on the ground that he had been fraudulently induced to sign the agreement. This is evident from the fact that he is not suing for the penalty provided by the statute when an usurious discount is charged, but he is suing on the theory that the agreement of April 7, 1924, should be ignored and he prays to be awarded compensation as if no such agreement had ever been entered into. The prescription of five years provided in the cited paragraph of the Employers' Liability Act, by its terms, applies to a suit in which the penalty also provided in the same paragraph, is demanded on the ground that the employee had been allowed a lump sum without the approval of the Court, or charged an usurious discount. or a discount in excess of eight per cent.

This view of plaintiff's demand is confirmed by the terms of the prayer of his petition. Plaintiff does not pray that the agreement of April 7, 1924, be set aside and annulled. He ignores this agreement entirely and prays for compensation as if no such agreement ever had existed.

The prescriptive period whether it be five or two years, provided for in paragraph 8 of Section 8 of the Employers' Liability Act, applies solely according to the language of the statute as we understand that language, to a demand based upon the fact that an agreement fixing a lump sum settlement, was not approved by the Judge, or even if approved by the Judge, that the computation of such lump sum is based upon an usurious discount or a discount in excess of eight per cent. In such a demand, if the facts alleged are true, the employee is then entitled to recover a penalty originally fixed at double the amount of the lump sum, but now reduced by the amendment of 1926, page 122, Sec. 8, Par. 9, to one-half the amount of the lump sum already paid to the employee.

The present suit not being of that character, we do not think that the plea of prescription is well founded. Whether plaintiff's demand is prescribed upon other grounds, is a matter about which we can express no opinion, and in the present condition of the case, all that we can do is to annul and set aside the judgment appealed from, and to remand the case for further proceedings, and,

It is so ordered, defendant and appellee to pay the costs of this appeal.