On April 15, 1939, the plaintiff, Dennis Pope, while acting in the course of his employment as a laborer for Douglas Public Service Corporation, sustained injuries for which he was entitled to compensation under the provisions of the Employers' Liability Act (Act No. 20 of 1914, as amended). His employer admitted liability and paid him weekly compensation at the rate of $7.15 for a period of 50 weeks, or until April 5, 1940. On that date the plaintiff, his employer and Employers' Liability Assurance Corporation (the compensation insurance carrier of his employer) entered into an agreement to commute the future compensation payable to plaintiff to a lump sum settlement, as provided for by subsection 9 of section 8 of the Employers' Liability Act, as amended, Act No. 242 of 1928, p. 362, it being estimated that plaintiff's disability would continue for a period of 104.8 weeks from April 5, 1940. Accordingly, the parties filed a joint petition, addressed to the Civil District Court for the Parish of Orleans, setting forth that there was a dispute between them with respect to the duration of Pope's disability; that it was estimated that his disability would continue for a period of 104.8 weeks and that they desired to settle all claims for compensation by payment to Pope of $750 in a lump sum, representing all compensation which would fall due from April 5, 1940, until the estimated date upon which the employee's disability would terminate. This agreement was approved by the court and judgment was entered in favor of Pope and against Douglas Public Service Corporation and its insurance carrier in accordance with the prayer of the petition. It was further decreed by the court that, upon payment of the amount agreed upon in a lump sum, Pope's employer and its insurance carrier would be released and discharged from any further liability for workmen's compensation. The judgment was signed on April 5, 1940, and payment of the amount awarded plaintiff was made upon the same day.
On June 24, 1942, Pope instituted the present action in the Civil District Court alleging that he had entered into the lump sum settlement agreement which had been approved by the court; that said agreement was based upon a speculation as to the duration of his disability; that, as a matter of fact, instead of regaining his health within 104.8 weeks from the date upon which the agreement was made and approved by the court, he remained disabled and is now permanently and totally disabled to do work of a reasonable character and that, therefore, he is entitled to recover compensation for a period of 400 weeks, less 50 weeks already paid by his employer, and less the sum of $750 which had been paid in conformity with the judgment of court approving the lump sum settlement. He further alleged that the lump sum settlement and the judgment approving it is illegal, null and void and should be set aside for the reason that it is violative of the Employers' Liability Act, particularly subsection 9 of section 8, as amended by Act No. 242 of 1928, p. 362, and section 17 of said act, as amended by Act No. 38 of 1918, as interpreted by the Supreme Court of this State in the case of Puchner v. Employers' Liability Assur. Corporation, 198 La. 921,5 So.2d 288. He accordingly prayed for judgment annulling, rescinding and setting aside the proceedings of the Civil District Court approving the lump sum settlement and that there be judgment in his favor for additional compensation at the rate of $7.15 per week for 350 weeks, subject to credit of $750 which had been paid to him by his employer in accordance with the judgment approving the lump sum settlement.
To this petition, the defendants, Douglas Public Service Corporation and Employers' Liability Assurance Corporation, filed a plea of prescription of one and two years. This plea was sustained by the trial judge *Page 107 
and plaintiff's suit was dismissed. Plaintiff has appealed.
We address our immediate attention to the defendants' contention that plaintiff's action is barred by the prescription of two years. Subsection 9 of section 8 of the Employers' Liability Act, as amended, provides:
"The amounts payable as compensation may be commuted to a lump sum settlement by agreement of the parties after having been approved by the Court as reasonably complying with the provisions of this Act; provided, that in making such lump sum settlement, the payments due the employee or his dependents, under this Act, shall not be discounted at a rate greater than eight per centum per annum; if such lump sum settlement be made without the approval of the Court, or at a discount greater than eight percentum per annum, even if approved by the court, the employer shall be liable for compensation at one and one-half times the rate fixed in this Act, and the employee or his dependents shall,at all times within two years after date of the payment of thelump settlement and notwithstanding any other provisions of thisAct, be entitled to demand and receive in a lump sum from the employer such additional payment as together with the amount already paid will aggregate one and one-half times the compensation which would have been due under this Act, but for such lump sum settlement. * * *" (Italics ours).
By the foregoing provision, it is clear that an employee, who has entered into an agreement with his employer for a lump sum settlement which has been approved by the court, must bring his action to set aside such settlement within two years after the date of the payment by his employer of the lump sum agreed upon, if the suit is based on the ground that the settlement has been made at a greater discount than 8% per annum. Therefore, it is apparent that prescription has accrued in the case at bar, since plaintiff's action to set aside the lump sum settlement on the ground that the compensation due him was discounted at an amount in excess of 8% per annum interest was filed more than two years after the date of the payment made to him in conformity with the judgment of approval by the court.
Counsel for plaintiff, however, makes several ingenious arguments in an effort to avoid the maintenance of the limitation prescribed in subsection 9 of section 8 of the compensation act. One of the points raised by him is that the prescription provided for may be invoked only in cases where the claimant is seeking recovery of the penalty imposed by that subsection and he says that, since he is not demanding a penalty from the defendants, the limitation contained therein is inapplicable. In support of this argument, reliance is placed upon the decision of the Court of Appeal for the First Circuit in Parker v. W.G. Ragley Lumber Co., 9 La.App. 244, 119 So. 279.
The proposition does not impress us. Plaintiff's petition and the prayer thereof plainly exhibit that he is attempting to have the judgment approving the lump sum settlement set aside on the ground that the payment of the lump sum was discounted at a greater rate of interest than 8% per annum because, under the decision of the Supreme Court in the Puchner case, supra, it has been held that an employer may not avoid the provisions of subsection 9 of section 8 of the compensation act by speculating with respect to the duration of the employee's disability and that, where the lump sum agreed upon is less than the amount to which the employee would have been entitled, if such lump sum settlement had not been made, then the provisions of subsection 9 of section 8 are applicable and suit may be maintained within two years under that subsection to recover the additional compensation, together with the penalty therein provided.
The case of Parker v. Ragley Lumber Co., supra, does not support plaintiff's argument that the two year prescription may be avoided in cases where the penalty is not demanded. In that case, the employee, having made a lump sum settlement with his employer which had been approved by the court, sued for additional compensation pleading the nullity of the agreement on the ground that he had been fraudulently induced to sign it. The district judge sustained defendant's plea of prescription of two years, which was based on the provisions set forth in subsection 9 of section 8 of the compensation law. The Court of Appeal, in reversing the judgment, held that the plea of prescription was not well founded for the reason that plaintiff was not attempting to have *Page 108 
the lump sum settlement set aside either on the ground that it had not been approved by the court or for the reason that the payment was discounted at an amount in excess of 8%. The gravamen of the action, as pointed out by the opinion, was that the settlement was null because the plaintiff had been fraudulently induced to sign the agreement. Obviously, under these circumstances, the court was correct in overruling the plea of prescription because subsection 9 of section 8 of the Act declares, in effect that it is only in cases where the lump sum settlement is made without the approval of the court, or is discounted at a rate of interest greater than 8% per annum, that the employee is limited to two years after the date of the payment of the settlement to institute his action.
In the instant case, however, the employee's suit to have the settlement rescinded is not founded on fraud. On the contrary, it is based, as we have above observed, on the decision in the Puchner case which holds that the employer, who is liable for compensation, may not speculate with his employee with respect to the duration of disability and, under the guise of a compromise, deprive the employee of the full compensation comtemplated by the act by paying him in a lump sum an amount which is less than the amount to which he would have been entitled but for the settlement.
Counsel for plaintiff seems to think that, merely because plaintiff does not pray for the assessment of the mandatory penalty provided for by subsection 9 of section 8 of the Act, the prescription therein set forth is avoided. This idea results from certain language contained in the opinion in the Ragley Lumber Co. case and also from a misconception of the views expressed by the Supreme Court in the Puchner case. In the Ragley Lumber Co. case, the court, in stressing the point that plaintiff's action to rescind the settlement was founded on fraud and not upon a violation of the provisions of subsection 9 of section 8 of the compensation act, remarked that the plaintiff was not seeking to recover a penalty and that the prescription applied only in cases where the penalty was demanded. We do not interpret this statement to mean that the prescription may be avoided by the claimant's waiver of the penalty in cases where the limitation normally applies. On the contrary, a careful reading of the court's opinion as a whole discloses to our satisfaction that the underlying reason which prompted it to overrule the plea of prescription was that the claimant was not seeking the annulment of the lump sum settlement on either of the grounds mentioned in subsection 9 of section 8 but solely on the ground of fraud.
In the Puchner case, the Supreme Court found in its original opinion, which was subsequently approved on rehearing, that no matter what label is given to an agreement to settle liability for compensation, it is to be regarded as a lump sum settlement in cases where there is no genuine dispute between the parties with respect to whether the injury is compensable under the Act. The court further held (see the opinion on rehearing, the concurring opinion of the Chief Justice and the per curiam on application for second rehearing) that the penalty provided for by subsection 9 of section 8 of the Act is mandatory. The only reason why the penalty was not imposed in that matter was (as pointed out in the per curiam on application for second rehearing) because the parties had, in good faith and under the jurisprudence as it then existed, attempted to compromise the liability of the employer under section 17 of the Act and did not intend to make a lump sum settlement under subsection 9 of section 8. The court (see 5 So.2d 300) in making this distinction as the basis for its reason in relieving the defendant of the mandatory penalty, observed:
"Thus, it (the penalty) is mandatory only in cases where admittedly an attempt has been made to effect a lump sum settlement commuted on the term agreed upon, or in cases where a lump sum settlement has been made in bad faith in the guise of a compromise under section 17 of the legislative act. Since all the Courts have found that the parties were in good faith and attempted to compromise a disability which they thought they had a right to do under section 17 and the prior jurisprudence, the penalty prescribed in subsection 9 of section 8 is not applicable." (Words in parenthesis ours.)
In the instant case, the parties entered into a lump sum settlement and did not attempt to compromise. The settlement was based, according to plaintiff's petition, upon the speculation that the employee *Page 109 
would be disabled for a period of 104.8 weeks from the date of the agreement. Therefore, were it not for the fact that plaintiff's action is prescribed by his failure to institute suit within two years from the date of the payment of the lump sum, plaintiff, if he had demanded it, would be entitled to recover the penalty provided for by subsection 9 of section 8, if it be true that he suffered disability for a longer period than that fixed in the agreement. Hence, we find that the provisions of subsection 9 of section 8 of the Act are applicable to this case and that the plea of prescription of two years operates as a bar to plaintiff's action.
Counsel for plaintiff further maintains that prescription has not accrued in this case because it did not commence to run until the date of the last payment of compensation. This argument is founded on the idea that the lump sum settlement was null and, therefore, should be ignored; that, if it is ignored, then the payment of $750 should be considered as an advance made on account of the weekly payments which would have been normally paid and that, viewed in this light, the last payment would have been made on April 15, 1942, or just two months before suit was filed. In other words, the argument is that we should disregard the payment made under the lump sum settlement and treat the matter as though the weekly payments were regularly made for the 104.8 weeks ensuing from the date of the agreement.
To sustain this contention would require complete disregard of the facts. The truth is that the last payment of compensation, whether it be for disability past, present or future, was made on April 5, 1940, and, aside from the prescription of two years provided for by subsection 9 of section 8 of the Act, prescription would commence to run from the date of that payment and would have accrued within one year thereafter, under section 31 of the Act, as amended by Act No. 85 of 1926.
In support of his argument that prescription did not commence to run until after 104.8 weeks from the date of the lump sum settlement, counsel cites an array of cases holding that suits for compensation are premature while any payments of compensation are being made by the employer. There can be no doubt as to the soundness of those adjudications, but we cannot see that they have any application here because payments of compensation ceased when the plaintiff received the compensation agreed upon in a lump sum payment.
Counsel further says that plaintiff's disability was not ascertainable until after 104.8 weeks had expired and, therefore, he was not in a position to file suit for additional compensation as he did not know whether he would suffer future disability. It is argued that, in view of this, the doctrine "contra non valentem agere nulla currit praescriptio" is particularly applicable because it would have been useless for plaintiff to bring a suit for additional compensation until he was certain that he would be disabled after the time agreed on had elapsed.
The answer to this contention is that the law grants to the employee, who has entered into a lump sum settlement, a period of two years within which to file a suit to have the settlement set aside. The doctrine "contra non valentem" is without pertinence here. That doctrine, in the limited recognition given to it in Louisiana as a cause for suspending the course of prescription, has been held to apply only in cases where the debtor has concealed the fact of the obligation or has committed other acts which tend to hinder, impede or prevent the creditor from ascertaining knowledge of the obligation. See Hyman v. Hibernia Bank Trust Co., 139 La. 411, 71 So. 598; Reardon v. Dickinson,156 La. 556, 100 So. 715; Bernstein v. Commercial Nat. Bank,161 La. 38, 108 So. 117; Littlefield v. City of Shreveport,148 La. 693, 694, 87 So. 714; Arkansas Natural Gas Co. v. Sartor, 5 Cir.,78 F.2d 924 and Succession of Kretzer, La.App., 170 So. 906.
Plainly, the defendants in this case have not done anything to prevent plaintiff, within the two years allotted to him by the statute, from either ascertaining whether his disability would continue or from the timely prosecution of the remedy which he now asserts.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed. *Page 110