FRANCIS SURGET *v.* FRED. STANTON.

The "absence" spoken of in Art. 3508 of the Civil Code is the absence of the creditor from the domicil of his debtor; and where the debtor and creditor have always lived in the same place although that place be out of the limits of this State, the creditor cannot be viewed, in regard to the debtor, as an absentee.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
*Day* and *Smiley & Perrin*, for plaintiff:

As to the attempted distinction in relation to absentees, where both parties reside out of the State, it is sufficient to say that this court has repeatedly held that all persons who are out of the State, and may never have been in the same, are considered and declared to be absentees. 15 L. R., 85; 2 An., 636; 14 L. R., 447; Civil Code, Art. 3522, No. 3.

*Gaither* and *Benjamin, Bradford & Finney*, for defendant and appellant.

BUCHANAN, J. On the 23d April, 1843, the plaintiff recovered of defendant a judgment in the Circuit Court of the State of Mississippi, sitting in the county of Warren, for the sum of five thousand four hundred and eleven dollars and eighty-seven cents. Both plaintiff and defendant were, and ever since have continued to be, residents of the State of Mississippi; and the contract on which judgment was obtained was a promissory note made in Mississippi, and payable at the Agricultural Bank of Natchez, in said State.

The last execution that was issued on said judgment from the court that rendered the same was so issued on the 23d November, 1843. Suit was instituted by attachment on this judgment in the Sixth District Court of New Orleans, on the 6th April, 1854. The defendant has pleaded prescription. The action would be barred, if brought in Mississippi, by a statute of that State, passed the 24th February, 1844. Hutchinson's Mississippi Code, page 831. And we are spared the necessity of examining the numerous and, to some extent, conflicting authorities which the learned counsel on both sides have furnished us on the subject of

the effect of the *lex loci contractûs,* and of the *lex fori,* where the two laws differ, inasmuch as we have come to the conclusion that this action is barred no less by the law of Louisiana than by that of Mississippi. The Article 3508 of the Civil Code is as follows: "In general all personal actions, except those above enumerated, are prescribed by ten years if the creditor be present, and by twenty years if he be absent." The present action comes within the provision of this Article. More than ten years elapsed, as we have seen, between the rendition of plaintiff's Mississippi judgment and the action instituted in a Louisiana court upon that judgment. But the District Judge was of opinion that the plaintiff being an absentee, that is to say residing out of this State, the term of prescription applicable to him was twenty, and not ten years. We think, on the contrary, that the *absence* spoken of in the Article 3508 of the Code is the absence of the creditor from the domicil of his debtor, and that where the debtor and creditor have always lived in the same place, as is the case in the present instance, although that place be out of the limits of this State, the creditor cannot be viewed, in regard to the debtor, as an absentee.

It is therefore adjudged and decreed that the judgment of the District Court be reversed, and that there be judgment for defendant, with costs in both courts.