## DANIEL DEAL & Co. *v.* THOMAS A. PATTERSON.

An action of debt upon a judgement rendered in another State of the Union, is a personal action, the prescription of which is governed by Art. 3508 of the Civil Code.

Since the Act of March, 1848, (promulgated 4th April, 1848,) placing absentees and non-residents on the same footing with residents of the State, in relation to the laws of prescription, ten years will suffice to enable a judgment debtor to prescribe against his creditor, though the latter be a resident of another State.

When a statutory change is made in regard to a particular term of prescription, the time anterior to the promulgation of the change is reckoned according to the old law, and the subsequent time according to the new enactment.

APPEAL from the District Court of Natchitoches, *Ogden*, J.
*H. Safford*, for plaintiffs and appellants. *Hamilton & Chaplin*, for defendant.

SPOFFORD, J. The present action was instituted against the defendant in the Parish of Natchitoches upon a personal judgment rendered against him in the State of Pennsylvania, where he formerly resided and where the plaintiffs

still reside. The prescription of ten years was pleaded to the action in the court below, and the plea prevailed; the plaintiffs have appealed.

It is now settled that an action of debt upon a judgment rendered in another State of the Union is a personal action, the prescription of which is governed by the Article 3508 of the Civil Code. *Succession of Tilghman,* 7 Rob, 291; *Surget* v. *Stanton,* 10 Ann. 319; *Shackleford* v. *Robinson,* 10 Ann. 583. See also the opinion of Simon, J. in note to *Planters' Bank of Mississippi* v. *Watson,* 9 Rob. pp. 267–274; and *Succession of Ducker,* 10 Ann. 758. It appears that in the cases of *Louisiana State Bank* v. *Barrow,* 2 Ann. 405; *Louisiana State Bank* v. *Haralson,* Ib. 456; *Judson* v. *Connolly,* 4 Ann. 169; and *Davanport* v. *Labauve,* 5 Ann. 140, the judgments which were held to be prescribed only by thirty years, if at all, were domestic judgments.

By Article 3508, the personal actions therein embraced were prescribed by ten years, if the creditor were present, and by twenty years if he were absent. The law stood thus until the passage of "an act placing absentees and non-residents on the same footing with residents of the State in relation to the laws of prescription," approved March, 14th, 1848, (see Acts p. 60) and promulgated April 4th, 1848. When a statutory change is made in regard to a particular term of prescription, the time anterior to the promulgation of the change is calculated according to the old law, and the subsequent time according to the new law. *Xanpi* v. *Orso,* 11 La. 59.

In the present case, it appears that the judgment was rendered in the Pennsylvania court on the 6th June, 1842, after personal service, both parties being then residents of that State. But it also appears that the defendant made a full acknowledgment of the debt and of the binding force of the judgment against him on the 11th July, 1843. For, at that date, he endorsed upon a writ of *fi. fa.* issued under the judgment, immediately after the Sheriff's return of a seizure, the following waiver and confession:

"I do hereby waive the holding of inquisition and appraisement of the property levied upon by virtue of this writ, and confess condemnation of the same."

This being the last apparent interruption prior to the institution of the present suit, the prescription must date from the 11th July, 1843. Assuming that the defendant left the State of Pennsylvania immediately after signing the above acknowledgment, (the hypothesis most favorable to the plaintiffs and unfavorable to the success of defendant's plea,) a term of four years eight months and twenty-four days elapsed under the old law, by which it took twenty years to bar the action of the absent creditor. That left fifteen years three months and seven days to run in order to complete the term of prescription under the old law. But on the 4th April, 1848, the new law went into operation, which reduced this remaining term one-half, by putting the non-resident creditor on the same footing as a creditor present, that is, shortening the term as to time from twenty to ten years. Therefore, a lapse of seven years seven months and nineteen days from the 4th April, 1848, without an interruption, would complete the prescription which barred an action in Louisiana on the Pennsylvania judgment. The defendant acknowledged service of the petition in this case and waived citation on the 20th February, 1856. Between the 4th April, 1848, and the date of this acknowledgment, there was a period of seven years, ten months and sixteen days, or about three months more than was necessary to perfect the prescription pleaded by the defendant.

This view of the case renders it unnecessary to decide what effect the Acts of April 30th, 1853, (p. 250) and March 15th, 1855, (p. 224) might have in a case of this kind; they in no wise conflict with the article 3508 of the Civil Code, which is fatal to the plaintiff's claim.

Judgment affirmed.