### SUCCESSION OF JOHN A. BECKHAM.—JOHN A. HALSEY, Opponent.

Whenever it is necessary to enforce a judgment by a separate and distinct action from the one in which judgment was rendered, the right to such action, it being a personal action, is prescribed, under article 3508 of the Code, by ten years. 14 An. 301.

The necessity of instituting a separate action to enforce a judgment exists in two cases :—the first, when the judgment is a foreign judgment; the second, when it is a domestic judgment, but the judgment debtor has died and his estate is under administration.

The prescription of a foreign judgment commences running from the date of the judgment. 12 An. 728. In the case of a domestic judgment, it commences running from the death of the debtor.

Judgments are not barred, *under the statute of April 30th*, 1853, before the lapse of ten years from its promulgation. 15 An. 651.

APPEAL from the District Court of East Feliciana, *McVea*, J.

*Muse & Hunter*, for appellant, Halsey. *McVea & Hunter*, contra.

BUCHANAN, J. Opponent Halsey obtained a judgment against the intestate Beckham on the 8th day of April, 1839.

The record does not show when Beckham died, nor how long his estate has been under administration.

The administrator having omitted to put Halsey on his account (filed March 30th, 1860) as a creditor for the amount of his judgment aforesaid, the latter opposed the homologation of the account, and is appellant from a judgment rejecting his opposition.

The case has been argued in this Court entirely upon the plea of prescription of ten, twenty and thirty years, pleaded by the administrator in bar of opponent's claim.

The counsel of administrator contends:

1. That the prescription of ten years for personal actions, under article 3508 of the Civil Code, applies to a claim by judgment.

2. That opponent's claim, if not barred by the ten years' prescription under the legislation anterior to the Act of 30th April, 1853 (Session Acts, p. 250) is at all events barred by the joint action of that statute and of the long prescription of thirty years, which he argues has been fixed by several decisions of this Court as a limitation of domestic judgments.

I. In the case of *Kemp* v. *Cornelius*, 14 An. 301, we held that, wherever it was necessary to enforce a judgment by a separate and distinct action from the one in which judgment was rendered, the right to such action, it being a personal action, was prescriptible in ten years, under article 3508 of the Code.

Now, the necessity of instituting a separate action to enforce a judgment, exists in two cases:—the first, when the judgment is a foreign judgment; the second, when it is a domestic judgment, but the judgment debtor has died, and his estate is under administration.

In the case of a foreign judgment, the prescription commences running from the date of the judgment. See *Dial* v. *Patterson,* 12 An. 728.

In the case of a domestic judgment, it commences running from the death of the debtor; because then alone does the right of action, the necessity of a separate action upon the judgment, begin. It was thus, that the plea of prescription was well taken in the case of *Kemp* v. *Cornelius,* which was an action upon a domestic judgment; for the record in that case showed (although that fact is not mentioned in the decision) that Cady Raby, the judgment debtor, had died more than ten years before the institution of the action of his judgment creditor Kemp, against the representatives of his estate, and of that of his widow in community.

In the present case, as already observed, the record does not disclose the date of Beckham's death; and, as it is the duty of him who pleads prescription, to make out by proof the facts to constitute a sufficient basis for his plea, we are unable to say that the article 3508 is applicable in this instance.

II. In the case of the *Succession of Rice,* 15 An. 650, which was, like the present, an action instituted upon a domestic judgment, against the administrator of the judgment debtor, we decided (upon a re-hearing) that the portion of time elapsed since the Act of April 30th, 1853, should not be eked out by adding the time that had intervened between the date of the judgment and the statute, upon the rule of computation recognized by this Court in *Goddard* v. *Urquhart,* 6 La. 659. We said: "We are satisfied the Legislature did not intend any judgment should be barred, *under the statute,* before the lapse of ten years from its promulgation." 15 An. 651.

It is to be remarked, that this case of the *Succession of Rice,* in 15th Annual, does not at all conflict with that of *Kemp* v. *Cornelius* in 14th Annual, but on the contrary, confirms it. Our further examination, elicited by the argument at bar, satisfies us of its correctness.

The appellee has not brought himself within the principle of *Kemp* v. *Cornelius,* and the plea of prescription must be overruled.

It is our duty, however, to notice the peculiar position of the opponent. He calls himself, in his opposition, a citizen of New Jersey. Since the appeal was taken, and indeed since this cause was submitted to us for decision, a state of war has arisen between the State of New Jersey, as one of the United States of America, and the Confederate States of America, of which Louisiana is a component part. There is, of course, no plea in the record, that the appellant, plaintiff in the court below, is an alien enemy; for he had only become so, if at all, after the issue was made up and the cause tried. Had such a plea been made, it is possible that the appellant may have shown that, since filing his opposition, he had ceased to be a citizen of New Jersey.

Under the peculiar circumstances of the case, we will afford the appellant an opportunity of showing this fact, without remanding the cause for a new trial generally.

It is, therefore, adjudged and decreed, that the judgment of the District Court upon the opposition of John A. Halsey to the account of administration filed by Drury L. Smith in the estate of John A. Beckham, deceased, be reversed; that the said John A. Halsey be classed as an ordinary creditor of said estate for the sum of ninety-three dollars and fifty

cents, with ten per cent. interest from 1st January, 1838, until paid, and also for twenty dollars costs; the money to remain in the hands of the administrator and appellee until the war now pending between the Confederate States of America and the United States of America is over, or until the said John A. Halsey, opponent and appellant, produce to the District Judge satisfactory proof that he is not an alien enemy. And lastly, it is decreed, that the costs of the opposition and of this appeal, be borne by the estate of Beckham.

VOORHIES, J., absent.