McCALEB, Justice.
 

 Mrs. Henrietta D. Pearlstine instituted this suit against her former husband, Dr. Abraham Mattes, to be recognized as co-owner with him of two parcels of real estate situated in New Orleans and for their partition by licitation. The action grows out and is a continuation of the original partition suit brought by defendant more than 20 years ago. The two immovables are the premises 2218 Pine Stréet and 2419 Soniat Street, which were acquired during the existence of the marriage between the parties.
 

 The chain of events leading up to the filing of the action are as follows:
 

 The parties were married in 1920 and two children were born of the union. The Pine Street property was acquired on October 11, 1926 and was mortgaged in 1929 to Equitable Life Insurance Society to secure a loan of $3,000. In 1931, defendant became the adjudicatee of the Soniat Street property at a partition sale among coheirs in his father’s succession.
 

 
 *1037
 
 In September of 1932, plaintiff filed suit against defendant for separation from bed and board. Judgment was rendered in her favor on December 12, 1932. On May 2, 1933, defendant filed suit for a partition of the community estate causing an inventory to be taken, which listed the Pine Street property at an appraised value of $6,000, but omitted reference to the Soniat Street property. That action for a partition was unsuccessfully opposed by plaintiff and, by judgment rendered January 17, 1934, a sale was ordered of the inventoried community estate, specifically the Pine Street property, the judgment providing “ * * * said sale to be made at public auction after all legal delays and advertisements, by Harry Latter, licensed auctioneer of this City, for cash, purchaser to assume taxes, mortgages,' paving liens and costs against said property * * * ” and further ordering that “ * * * all parties to be referred to Richard A. Dowling, Notary Public to effect a partition, * * * ”.
 

 Meanwhile, on May 23, 1933, a few months after plaintiff obtained the judgment of separation, defendant conveyed the Soniat Street property to his sister, Mrs. Sylvia Mattes Yorkman.
 

 The auction sale of the Pine Street property was held on March 15, 1934 and it was bid in by defendant’s attorney, being adjudicated to defendant for the sum of $3,000. However, nothing was paid to the auctioneer at the time of the adjudication nor was anything done to confirm it until May 26, 1936, more than two years there-, after. On that date, the auctioneer.and defendant’s sister, Mrs, Yorkman, appeared before Mr. Dowling, the notary public named by the judge, and caused the passage of an act of sale in which it was declared that Mrs. Yorkman was the adjudicatee at the auction and that the consideration of the sale was $3,000 cash, the purchaser assuming payment of taxes, mortgages, paving liens and costs against the property, all in accordance with the judgment ordering the partition sale. It is conceded that no cash was actually paid to the auctioneer or notary at the time this act of sale was passed or on any other occasion. In the following year, specifically on May 14, 1937, Latter, the auctioneer, and'Mrs. Yorkman again appeared before the same notary and executed a so-called “act of correction” in which it was stated that, whereas it had been theretofore recited, in the procés verbal of sale and in the prior act, that the property was adjudicated and confirmed for a consideration of $3,000 cash, with assumption by the purchaser of all encumbrances, in truth and in fact the real consideration was the sum of $1 and the assumption by Mrs. Yorkman of the $3,000 mortgage granted by defendant in favor of Equitable Life Insurance Society.
 

 On August 3, 1938, Mrs. Yorkman mortgaged the- Soniat Street property .to Security Bldg. & Loan Ass’n and an act of sale and resale was passed to effect a vendor’s lien on the property, in accordance
 
 *1039
 
 with law. Mrs. Pearlstine, at the insistence of defendant, intervened in this act and disclaimed any right, title or interest in the property. Approximately a year and a half thereafter, on December 20, 1939, defendant reacquired the record title to both the Soniat and Pine Street properties from his sister, Mrs. Yorkman, by act before Gerald Netter, notary public.
 

 During 1951, the instant suit was brought by way of supplemental pleadings filed in the original partition action. In her petitions, plaintiff asserts claim to a communal interest in the Soniat Street property and also contends that the judicial sale of the Pine Street property should be set aside and that property resold to effect a partition. She avers, among other things, that the judicial sale is an absolute nullity because (a) it was not made in accordance with the terms of the judgment ordering the partition and, even if it was, it is radically void as the price of the adjudication was never paid, and (b) that the price of adjudication was less than two-thirds of the appraisement required by law.
 

 The only serious defense to plaintiff’s claims respecting the Pine Street property is that her action is barred by the prescriptions of two and five years under Articles 3542 and 3543 of the Civil Code.
 

 Insofar as the Soniat Street property is concerned, defendant now admits, as he must, that that property, having been acquired by him during the existence of the marriage without a dual declaration that it was being purchased with his separate funds and for his separate estate, belonged to the community. See Sanderson v. Frost, 198 La. 295, 3 So.2d 626 and Slaton v. King, 214 La. 89, 36 So.2d 648. He, however, pleads plaintiff’s disclaimer of interest in the property in her intervention in the act of sale dated August 3, 1938 by Mrs. York-man to the Homestead, as an estoppel against her demand. In addition, he invokes the ten year prescription, acquirendi causa, under Article 3474 of the LSA-Civil Code and the ten year liberative prescription respecting personal actions provided by Article 3544 of the LSA-Civil Code.
 
 [1]
 

 After a hearing on these issues (and others raised by defendant below but not urged on appeal), the trial judge overruled the pleas of prescription and estoppel and found for plaintiff. In his written opinion, the judge concluded that the manipulations of defendant were designed to defraud plaintiff of her community rights; that the judicial sale of the Pine Street property was an absolute nullity; that plaintiff is also entitled to be recognized as co-owner of the Soniat Street property and that both properties should be sold to effect a partition. Defendant has appealed.
 

 
 *1041
 
 It takes no more than the recitation, as above outlined, of defendant’s transactions, dating from the time he and the plaintiff became judicially separated, to make the conclusion inescapable that he has deliberately, by employment of his sister as a party interposed and spurious sales, attempted to defraud plaintiff of her rights in the properties here involved which belonged to the community which formerly existed between them. To begin with, there cannot be the slightest doubt that Mrs. Yorkman was nothing more than defendant’s alter ego throughout the various transfers whereby the titles of the two properties were placed in her name and then were finally restored by her to defendant after a lapse of time when it was evidently believed that the deceit practiced had accomplished its purpose. Mrs. York-man did not take the witness stand to explain her supposed purchases and sales
 
 [2]
 
 and defendant makes no effort whatever in his testimony to account for the reason why the properties, following the dissolution of the community, were conveyed to her and subsequently retransferred to him. In these circumstances, defendant must, of necessity, rest his case on his pleas of prescription in order to defeat the action.
 

 We summarily dispose of defendant’s plea of prescription of ten years acquirendi causa with the statement that this prescription applies only to possessors in good faith holding by just title. Articles 3474, 3478, 3479 of the LSA-Civil Code. Defendant, as above shown, has not .possessed either property in good faith, aside from any of the other conditions requisite for the maintenance of this prescription.
 

 The other ten year prescription, liberandi causa, which applies to personal actions, Article 3544, LSA-Civil Code, is patently without application as this is a real action in which plaintiff seeks to have her ownership in certain immovables recognized.
 

 The pleas of prescription of two and five years are levelled against plaintiff’s attack upon the purported judicial sale of the Pine Street property. Article 3543 of the LSA-Civil Code declares, in substance, that all informalities of legal procedure arising out of any sale at public auction of real or personal property made under orders of court are prescribed after a lapse of two years from the time of making said sale. And Article 3542 provides, among other things, a prescription of five years for the rescission of partitions.
 

 Article 3542 is inappropriate here. That five year prescription against actions for nullity or rescission of contracts, testaments or other acts (partitions) applies only to voluntary or conventional acts and not to public sales or judicial transfers.
 
 *1043
 
 Brewer v. Brewer, 145 La. 835, 83 So. 30. Moreover, were it otherwise, this prescription would not be apposite forasmuch as the partition sale, as will be hereinafter shown, was an absolute nullity. Article 3542 is applicable to relative but not radical nullities. Doucet v. Fenelon, 120 La. 18, 44 So. 908.
 

 The prescription of two years provided by Article 3543 is likewise without pertinence for the simple reason that that Article, by its very terms, is appropriate only to informalities of legal procedure connected with a sale at public auction. In the instant case, the adjudication by Latter, the auctioneer, to defendant and the subsequent confirmatory act in favor of Mrs. Yorkman, were absolute nullities for the reason that the price of the adjudication, $3,000' cash, was never paid. See Lapene v. Badeaux, 36 La.Ann. 194; Capital Building & Loan Ass’n v. Northern Ins. Co., 166 La. 179, 116 So. 843; Frierson v. New York Life Ins. Co., 174 La. 1037, 142 So. 256 and In re Union Cent. Life Ins. Co., 208 La. 253, 23 So.2d 63.
 

 In Frierson v. N. Y. Life Ins. Co. the court said [174 La. 1037, 142 So. 258]:
 

 “The purchaser at a judicial sale acquires such a vested right in the property by the adjudication that it cannot be taken from him unless he refuses to comply with the terms of the sale. But, if the purchaser refuses to comply with the terms, he is considered as never having been the owner, saving to the vendor his right to compel a specific performance of the contract. * * #
 

 “A sale under order of court authorizing the sale for cash is not complete, and title does not pass, until the purchase price is paid.”
 

 In the case at bar, it is shown that Latter adjudicated the property to defendant at the auction sale for $3,000' cash. Two years later, this adjudication was confirmed in favor of Mrs. Yorkman, the act stating that the price was $3,000' cash and the assumption by the adjudicatee of all encumbrances on the property. Admittedly, no • part of the $3,000 was ever paid by defendant or anyone else.
 

 And it is also manifest, we think, that the subsequent, purported act of correction is utterly void. The auctioneer conceded that he was unable to explain the purpose of this act, changing the consideration (from $3,000 cash to $1 cash) which is in direct contradiction of the adjudica- " tion', his procés verbal and the act of confirmation to Mrs. Yorkman. For obvious reasons, he was wholly without authority under his appointment by the court to make any alteration as to price either in his adjudication or procés verbal.
 
 [3]
 

 
 *1045
 
 All of the pleas .of prescription were therefore properly overruled.
 

 The basic contention of defendant in his effort to deprive plaintiff of her one-half interest in the Soniat Street property is that she has become estopped from making the claim by reason of her intervention in the act of August 3', 1938 in which she disclaimed any interest in the property.
 

 The short answer to this plea is that defendant, with hands unclean, is in no position to invoke the equitable doctrine of estoppel. But, apart from this, the disclaimer of plaintiff, which was induced by defendant, was without consideration and hence not effective as to the immediate parties. Furthermore, plaintiff’s error of law in disclaiming her ownership may be invoked as a means of recovering “ * * * what has been given or paid under such error.” See paragraph 3 of Article 1846 of the LSA-Civil Code.
 

 The judgment appealed from is affirmed.
 

 MOISE, J., recused.
 

 [2]
 

 . Defendant’s failure to produce her carries with it the presumption that, if she had testified, her evidence would be unfavorable to him. Bates v. Blitz, 205 La. 536, 17 So.2d 816.
 

 [3]
 

 . “One of the objects of sales at public auction is to obtain a fair price for those interested in the proceeds of the property. This is said to be the great object
 
 *1045
 
 of the rules regulating such sales. Hence the concealment or misrepresentation of facts, amounting to fraud, is not the only cause for annulling a judicial sale, but anything' said or done by one who becomes an adjudicatee, for the purpose of preventing competition at the sale, or, in other words, for the purpose of chilling it, which is reasonably capable of doing so, and has that effect, will be sufficient to annul the sale. Swain v. Kirkpatrick Lumber Co., 143 La. 30, 78 So. 140, 20 A.L.R. 665” Konen v. Konen, 1928, 165 La. 288, 115 So. 490, 491.