REGAN, Judge.
Plaintiff-in-rule, Lorraine T. Lassere, filed a rule to make executory a judgment for past due alimony totalling $10,600.00 and to increase her monthly award from $50.00 to $150.00. The basis for this claim is a consent judgment signed April 16, 1953 wherein the husband agreed to pay alimony at the rate of $50.00 per month.
Defendant-in-rule, Leonard Lassere, answered and explained that he paid the alimony on a current basis until his former wife was committed to a mental institution. Thereafter, he discontinued payment and was legally justified in so doing because his wife’s need for support ended. Alternatively, he admitted liability for back alimony accruing after her release from the hospital. Further in the alternative, he pleaded the prescription of three and ten years.
From a judgment dismissing her motion, plaintiff-in-rule has appealed.
The facts are not disputed. A judgment of divorce was entered in favor of Leonard Lassere, apparently predicated on the fact of having lived separate and apart from his wife for a given period of time. The pertinent part of the judgment reads:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the taking of evidence upon the question of fault at the time of the separation herein be continued to be refixed for further evidence and that all of the rights of the defendant, Lorraine Triche Lassere, to claim alimony for herself be and the same are hereby reserved to her;
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that pending trial of the question of fault the plaintiff, Leonard Lassere be condemned to pay to the defendant, Lorraine Triche Lassere, alimony in the full sum of Fifty ($503)0) Dollars per month.
* * * ‡ * * >>
Sometime in 1954, Mrs. Lassere was committed to the East Louisiana State Hospital at Jackson, Louisiana, where she remained until her release in June 1970. Her husband paid no alimony after her committal. The rule now being considered by us was filed November 3, 1970.
*796 The lower court apparently maintained the exception of prescription of ten years in rejecting the demand for back alimony. To reach this result, the trial court necessarily determined the award in question, was a money judgment, as opposed to an alimony judgment, and any rights accruing to the wife thereunder prescribed when more than ten years elapsed before she attempted to make a judgment for unpaid installments executory. If the nature of the judgment was properly classified, there is no dispute that the prescription of ten years, as outlined in LSA-C.C. Art. 3457, applies.
Defendant-in-rule argues [1] that the $50.-00 monthly award could be nothing other than a money judgment since the court at the time of its rendition was powerless to award alimony. He points out a wife may only be awarded alimony after one of two conditions materialize, namely, (1) the wife obtains the divorce, or (2) she establishes she was not at fault in a proceeding wherein her husband obtained a divorce on the grounds of living separate and apart from his wife for a given period.[2]
We agree with defendant’s sum-marization of LSA-C.C. Article 160 outlining circumstances under which a wife may be awarded alimony in an adversary proceeding; however, we do not interpret this rationale to preclude consent judgments for alimony. It is apparent at the time of signing the judgment both husband and wife agreed to defer a hearing on fault and consented to a $50.00 per month award to the wife as alimony until such time that "fault” and the wife’s right to alimony could be adjudicated. Thus, we are compelled to reach the inevitable conclusion that the award in question is alimony and not a money judgment.
If the claim asserted in this case is limited by virtue of a prescriptive period, it is that defined by LSA-C.C. Art. 3538, which provides in part:
“The following actions are prescribed by three years:
“That for arrearages of * * * alimony.”
This is an established principle of Louisiana jurisprudence. Time and again the Supreme Court has rejected arguments to the effect that alimony is governed by the prescription of ten years outlined in LSA-C.C. Art. 3544 concerning personal actions and/or LSA-C.C. Art. 3547 regulating money judgments. In applying the three year prescription delineated in LSA-C.C. Art. 3538, the court has observed that this is a special law applicable to alimony and general provisions must yield thereto.[3]
Counsel for the appellant, Mrs. Lassere, insists that no prescriptive limitation should be applied in this case since Mrs. Lassere was confined to a mental institution for sixteen years, thus she was incapable of taking the appropriate action to enforce her judgment. In effect, counsel argues that insanity of the creditor operates to suspend prescription under the theory of contra non valentem agere non currit praescriptio (prescription does not run against one who is unable to act). Counsel points to the fact that Mrs. Lassere was institutionalized within approximately one year after rendition of the judgment and brought this action within six months after her release. Unquestionably, Mrs. Lassere was diligent in endeavoring to protect her judgment after her release, and there is no doubt that she was, in fact, powerless to act during her committment while a substantial part of her judgment was lost by the passage of time. She was committed to a mental institution but was *797 never interdicted nor was a curator ap-, pointed to act in her stead. Counsel requests us to invoke equitable principles in concluding prescription was suspended during her hospitalization. If we could limit our responsibility to achieving substantial justice in the instant case, we would agree that equity requires relief for the plaintiff-in-rule. However, we can only resort to equity if our conclusion thereunder does not conflict with/and ultimately do violence to established jurisprudence.
Our review of the law in this area discloses that our courts have applied the doctrine of “contra non valentem” sparingly. A succinct discussion of its place in our civil law is found in Ayres v. New York Life Ins. Co.[4], where the court refused to apply it to suspend prescription because a claimant was unable to bring an action during a three year period because of critical illness. The organ for the court in the following language defines the strict limitations placed on the “contra non val-entem” rationale to suspend prescription:
“There is no merit in the contention. To begin with, it is manifest that the insured’s illness afforded no excuse for the failure to make timely legal demand on his behalf. Besides, the doctrine “contra non valentem” has been received in Louisiana with some question and the court’s recognition of it as a cause for suspending the course of prescription has been quite restricted. Application of the doctrine has been held to be limited to cases where the debtor has concealed the fact of the obligation or has committed other acts which tend to hinder, impede or prevent the creditor from ascertaining knowledge of the existence of the debt. Hyman v. Hibernia Bank & Trust Co., 139 La. 411, 71 So. 598; Reardon v. Dickinson, 156 La. 556, 100 So. 715; Bernstein v. Commercial Nat. Bank, 161 La. 38, 108 So. 117; Littlefield v. City of Shreveport, 148 La. 693, 87 So. 714; Arkansas Natural Gas Co. v. Sartor, 5 Cir., 78 F.2d 924; Succession of Kretzer, La.App., 170 So. 906; Cruze v. Life Ins. Co. of Virginia, La.App., 184 So. 735 and Pope v. Employers Liability Assur. Corporation, La.App., 14 So.2d 105. Under Article 3521 of the Civil Code, it is provided that prescription runs against all persons “unless they are included in some exception established by law”. The illness of the insured in this case does not fall within any of the exceptions provided by our Code and therefore the running of prescription was not suspended. * * * ”
The codal articles enumerating causes which suspend prescription are Articles 3521 through 3527. Article 3522 stipulates prescription cannot run against minors and interdicts. In Vance v. Ellerbe,[5] the contention was urged that Article 3522 had the effect of suspending the running of prescription against an insane person who was not formally placed vmder civil interdiction because, like the interdict, the person under commitment could not act on his own behalf. The Supreme Court in rejecting this argument limited the application of this exception to one who had been legally interdicted. Therefore, guided by the Ayres rationale, we conclude that the doctrine of “contra non valentem” is in-apposite. Plaintiff-in-rule’s claim for ar-rearages in alimony is limited to that amount past due for three years from the date of judicial demand.
We affirm that part of the judgment dismissing the wife’s rule to increase alimony since the question of fault must first be adjudicated before it can be granted. The consent judgment was fixed by agreement of the parties and the right to litigate fault was reserved. In order to modify this judgment, the wife or husband will have to adjudicate the issue of fault or the respective spouses can agree to a changed sum and enter another consent judgment.
*798 For the reasons assigned, the judgment appealed from is reversed to the extent that it dismisses the rule to make a judgment for alimony arrearages executory, and it is ordered, adjudged and decreed that there be judgment in favor of Lorraine T. Lassere making $1,800.00 of unpaid alimony executory against defendant-in-rule, Leonard Lassere. The alimony awarded includes those sums that became due between December 4, 1967 and December 3, 1970. That part of the judgment dismissing plaintiff-in-rule’s motion for an increase in alimony is affirmed and this cause is remanded for additional proceedings consistent with the views expressed hereinabove. Defendant-in-rule is cast for costs incurred in the trial court and in this court.
Reversed in part and rendered; affirmed in part; remanded.

. Appellee abandoned all argument denying liability for alimony based on her lack of need while institutionalized.

. LSA-C.C. Art. 160.

. Miller v. Miller, 207 La. 43, 20 So.2d 419 (1945) ; Arabie v. Arabie, 230 La. 1036, 89 So.2d 890 (1956).

. 219 La. 945, 54 So.2d 409.

. 150 La. 388, 90 So.2d 735.