CHIASSON, Judge,
dissenting:
Rules of evidence and not merely a conflict of testimony are involved in this case.
Plaintiff specifically sought a judicial review under the provisions of La.R.S. 49:964 of the administrative hearing held pursuant to La.R.S. 32:661, et seq.
The hearing to review the administrative suspension of a driver’s license pursuant to the provisions of La.R.S. 32:668 is a civil action amenable to the rules of procedure and proof for such actions; one who asserts a fact must carry the burden of proof of that fact which must be established by a reasonable preponderance of the evidence. Meyer v. State, Dept. of Public Safety Lic. Con., etc., 312 So.2d 289 (La.1975).
The burden of affirmatively proving refusal to submit to the test is initially on the Department (La.R.S. 32:668) and remains with the Department throughout the court hearing. See: Jaubert v. Department of Public Safety, 323 So.2d 212 (La.App. 4th Cir. 1975).
The crucial question presented is whether or not plaintiff attempted to blow into the tube. On this point, the arresting officer, Trooper Gill, testified:
*267 “Q. . . . Are you saying that you are certain that he did not put the tube in his mouth, or that you are not certain?
“A. I’m saying according to the way I remember it, of what I saw, while I was present, at this time, I do not recall having seen him place it in his mouth or blow on it.
“Q. Is there any time when you might not have been in the van, say, when you were talking with somebody else?
“A. Yes, sir, there is a possibility.”
(Underscoring added).
(Record, p. 55).
“Q. So, officer, you recall stopping him. You recall the wrecker driver being there and you recall possibly speaking with the wrecker driver sometime during that test. That’s correct?
“A. I know I did speak to the wrecker driver; exactly the conversation or exactly what time it was, I don’t.”
(Record, p. 56).
Plaintiff on this point testified as follows:
“Q. Did you refuse or were unable to give him an adequate breath sample?
“A. I was unable, I guess; not refuse.
“Q. Did they ever ask you to blow harder?
“A. He asked me to blow harder.
“Q. Who asked you to blow harder?
“A. The officer, not Mr. Gill, the other officer. Mr. Gill was talking to Mr. Cook at the time. Mr. Cook asked Mr. Gill whether to move my car or not. Mr. Gill said, ‘No, don’t move it now.’ ”
(Underscoring added).
(Record, p. 61).
Trooper Gill’s testimony establishes that plaintiff never attempted to blow into the tube in his presence. The evidence further establishes that Trooper Gill was not present during the entire time when attempts were being made to conduct the test. Trooper Diaz who was in charge of conducting the sobriety test was apparently present during the entire time, was not called or subpoenaed as a witness, and did not testify.
“It has long been a rule in Louisiana that the failure of a party to call a witness under his control and who possesses peculiar knowledge essential to that party’s cause creates a presumption that the witness’s testimony will be adverse to that party. Vaughan v. Dowling, 243 La. 390, 144 So.2d 371 (Supreme Court 1962); Walters v. Coen, 228 La. 931, 84 So.2d 464 (Supreme Court 1956); Pearlstine v. Mattes, 223 La. 1032, 67 So.2d 582 (Supreme Court 1953).” Marion v. New Orleans Public Service, Inc. 306 So.2d 758 (La.App. 4th Cir. 1975), writ refused, April 18, 1975.
The Department therefore failed to establish by a preponderance of the evidence that the plaintiff refused to take the sobriety test and the judgment of the trial court should be reversed.
I respectfully dissent.