437 So.2d 319 (1983)
Leola Ferguson SHAW, Plaintiff-Appellant,
v.
Henry T. FERGUSON, Defendant-Appellee.
No. 15414-CA.
Court of Appeal of Louisiana, Second Circuit.
August 15, 1983.
*320 Glenn F. Armstrong, Bossier City, for plaintiff-appellant.
Thomas & Prestridge by Roger M. Prestridge, Bossier City, for defendant-appellee.
Before MARVIN, FRED W. JONES and SEXTON, JJ.
SEXTON, Judge.
The plaintiff herein, Leola Ferguson Shaw, has appealed a Bossier Parish judgment dismissing her demands on an exception of prescription. We reverse and remand.
The plaintiff sued her former husband, defendant Henry T. Ferguson, on October 7, 1977, by ordinary process seeking recognition of an Alabama judgment rendered on June 30, 1966. This was a judgment of *321 divorce which also ordered Mr. Ferguson to pay the sum of $125.00 per month for child support for three children of the marriage. Additionally, the judgment ratified and effected a community property settlement by ordering Mr. Ferguson to sign the necessary instruments to convey title to Mrs. Shaw to certain real estate located in and near Ruston, Louisiana. Therefore, in the petition at issue, plaintiff sought recognition of that 1966 judgment under the authority of LSA-C.C.P. Art. 2541,[1] and also sought accumulation of the child support arrearages.
Defendant filed an exception of prescription asserting that enforcement of the agreement entered into as a part of the Alabama divorce judgment was prescribed by the prescription of 10 years. The trial court held that prescription issues are governed by the law of the forum and found that the action to enforce the judgment at issue was a personal one barred by the 10 year prescription of LSA-C.C. 3544 which states that in general, all personal actions are prescribed by 10 years in the absence of a contrary provision.
It is well settled that a foreign judgment of separation or divorce which incorporates a division of community property is final and res judicata in all respects, and is entitled to full faith and credit unless the foreign court was without jurisdiction to render such a judgment. Art. 4, § 1, United States Constitution; Sandifer v. Sandifer, 389 So.2d 767 (La.App. 3d Cir. 1980). However, the Full Faith and Credit Clause of the United States Constitution is not violated where the enforcement of a foreign judgment is barred by the applicable prescriptive statutes. Lawyers Title Services, Inc. v. Boyle, 308 So.2d 479 (La. App. 4th Cir.1975). There is no question raised here concerning the jurisdiction of the Alabama court to render the divorce judgment at issue. Thus, that foreign divorce judgment must be given effect here unless its enforcement is barred by the applicable prescriptive limits.
The first issue to be resolved is which state's law governs the prescriptability of Ms. Shaw's right.
Central to this inquiry is LSA-C.C. Art. 3532:
Art. 3532. Foreign contracts and judgments; borrowing statute.
The prescription provided by the laws of this state applies to an obligation arising under the laws of another jurisdiction which is sought to be enforced in this state.
When a contract or obligation has been entered into between persons who reside out of this state, which is to be paid or performed out of this state, and such contract or obligation is barred by prescription, or the statute of limitations, of the place where it is to be paid or performed, it shall be considered and held to be barred by prescription in this state, upon the debtor who is thus discharged coming into this state.
This article states quite plainly, then, that the prescription to be applied to this foreign obligation is that provided by the laws of this state. In other words, "[P]rescription is a procedural matter and it is governed by the laws of the forum." Davis v. Colvin, 410 So.2d 1211, 1212 (La. App. 3d Cir.1982). Therefore, under the literal terms of LSA-C.C. Art. 3532, if the 1966 Alabama judgment is not prescribed by the laws of this state, it is still enforceable[2]unless barred by the second paragraph of LSA-C.C. Art. 3532.
*322 This paragraph proclaims that if the obligation is barred by prescription of the place of performance, it is barred in this state.
It therefore becomes our initial task to determine if the obligations of this judgment are barred in Alabama, where rendered. We may take judicial notice of the statutes of the State of Alabama and may inform ourselves of such law in any fashion we deem proper. LSA-C.C.P. Art. 1391. This article allows us to inquire on our own initiative into the law of another state although we are not obligated to do so. Gathright v. Smith, 368 So.2d 679 (La.1978).
Alabama judgments are not barred until the lapse of 20 years from rendition, although specific procedures must be complied with to execute judgments over 10 years old. Ala.Code of Civil Practice, Art. 8 §§ 6-9-190, 6-9-191, 6-9-192 (1975). Therefore, since the obligation is not barred in Alabama, Louisiana prescriptive law under LSA-C.C. Art. 3532 governs.
Because of our reliance on Article 3532, we feel we would be remiss if we did not parenthetically note Jagers v. Royal Indemnity Co., 276 So.2d 309 (La.1973), in which, in a tort case, our Supreme Court rejected the traditional rule of lex loci delicti and adopted the modern interest analysis for resolving conflicts of law problems. Jagers was, of course, followed by this Circuit in the tort case of Sutton v. Langley, 330 So.2d 321 (La.App. 2d Cir.1976).
Basically stated, a state is said to have an "interest" in the application of its law, if the policy underlying its law is advanced and reified by the application of that law to the facts of this case. Where only one state has an "interest" in the application of its law to the facts of the case, a "false conflict" exists, and the laws of that single interested state are applied. Where several states have an "interest" in the application of their law to the facts of the case, a "true conflict" exists, and the forum court is to apply the law of the state which is most interestedi.e., that state, the substantive legal policies of which, are most advanced by the application of its law to the facts.
We find it necessary to take note of Jagers because of Wickham v. Prudential Ins. Co. of America, 366 So.2d 951 (La.App. 1st Cir.1978), in which a divided panel of the First Circuit in applying a modern interest analysis in a contracts case, found Louisiana to have a superior interest to the state where the contract was confected and applied the law of this state. The action of the majority in Wickham was contrary to a specific civil code article, LSA-C.C. Art. 10.
It is our view that Jagers mandates the application of the modern interest analysis in those circumstances where the choice of law is not specifically governed by statute. Jagers dealt with a tort, and there is no civil code article or revised statute which stipulates what law is to be applied in the case of a tort. Thus, the holding in Jagers, when properly confined to its underlying facts, is that the modern interest analysis will be applied to choose the governing law in a tort suit. A broader and rationally justifiable interpretation of Jagers is that it mandates the application of a modern interest analysis in the absence of a statute which stipulates the applicable law. However, we do not believe that Jagers held that the modern interest analysis is to be applied when such an application would effectively nullify a Louisiana statute which specifically governs the conflicts issue presented. As Judge Edwards noted in his dissent in Wickham, "The two cases cited in support of the `interest analysis' theory [Jagers and Sutton] do not address [a directly applicable] codal provision." Wickham, supra, at 955 (Edwards, J., dissenting).
Thus, because of the specific authority of Article 3532, we do not consider the question of which jurisdiction has a superior interest and judge the issue on the basis of that statute. Since the obligation is not *323 barred in Alabama and therefore passes the test of the second paragraph of LSA-C.C. Art. 3532, that article requires that we judge the prescriptability of the foreign judgmental obligation by the law of prescription of this jurisdiction.
There are two distinct obligations set out in the Alabama judgment sought to be recognized here for future enforcement: the child support obligation, and the obligation to convey the title to the stated real property. With respect to the child support obligation, the jurisprudence has made it abundantly clear that alimony and support judgments are not classified as "money judgments," and, therefore, do not prescribe within the 10 year period established by LSA-C.C. Art. 3547.[3] Furthermore, the jurisprudence has rejected the proposition that actions to execute, enforce or revive alimony judgments are governed by the 10 year prescriptive period generally applicable to personal actions under LSA-C.C. Art. 3544.[4]Arabie v. Arabie, 230 La. 1036, 89 So.2d 890 (1956); Miller v. Miller, 207 La. 43, 20 So.2d 419 (1944); Wright v. Wright, 189 La. 539, 179 So. 866 (1938); Hughes v. Whitehead, 329 So.2d 775 (La.App. 1st Cir. 1976); Lassere v. Lassere, 255 So.2d 794 (La.App. 1st Cir.1971).
The First Circuit succinctly summarized the state of the law in Lassere, 255 So.2d at 796, when the court observed that:
"Time and again the Supreme Court has rejected arguments to the effect that alimony is governed by the prescription of ten years outlined in LSA-C.C. Art. 3544 concerning personal actions and/or LSA-C.C. Art. 3547 regulating money judgments."
Therefore, the support provisions of the judgment at issue are enforceable in Louisiana.[5]
The portion of the Alabama judgment obligating defendant, Henry T. Ferguson, to convey certain real property to plaintiff, Leola Shaw, granted Ms. Shaw a right which requires a separate prescription analysis. This right to real property encompasses both community property and separate property of the defendant.[6] This real right to real property must thus be further classified according to the source and nature of Ms. Shaw's right to each type of property. However, after reviewing the applicable law, we conclude that neither Ms. Shaw's right to the community property nor *324 her right to the separate property has prescribed.
Ms. Shaw's right to community property is a right to real property already owned by her by virtue of the existence of the community regime. The Supreme Court's decision in Pearlstine v. Mattes, 223 La. 1032, 67 So.2d 582 (1953), governs the prescription applicable to a right of this character, and clearly mandates that such a right prescribes only in 30 years.
In Pearlstine, the Supreme Court expressly refused to apply a 10 year prescriptive period to a divorced spouse's suit to have her ownership recognized in certain immovable community property which she owned by virtue of the community regime. In decreeing that the 10 year prescriptive period did not bar the spouse's suit to recover the immovable property, the Supreme Court asserted that "this is a real action in which plaintiff seeks to have her ownership in certain immovables recognized." Pearlstine, supra, at 585. It was the view of the Pearlstine court that a suit of a divorced spouse to recover her share of the dissolved community was governed by the 30 year prescriptive period applicable to real actions under LSA-C.C. Art. 3548.[7] It is thus clear, under the rule of Pearlstine, that Ms. Shaw's right to recover immovable property owned by her under the community regime has not prescribed.
Ms. Shaw's right to the separate property is a right to real property which arises from civil contract. The civil contract in this case is the consent decree or judicially ratified contract which was incorporated in the Alabama divorce judgment. The defendant obligated himself in this contractas part of the divorce settlementto convey certain of his separate immovable property to Ms. Shaw.
The Louisiana courts have historically emphasized that an action to enforce a contractual obligation to convey immovable property prescribes in 30 years under LSA-C.C. Art. 3548. State v. Grace, 197 La. 428, 1 So.2d 683 (1941); Mussina v. Alling, 11 La.Ann. 568 (La.1856); Smith v. Bickley, 348 So.2d 757 (La.App. 1st Cir. 1977). The law is thus clear that Ms. Shaw's right to enforce the contract conveying to her certain of her former husband's separate property is a right which prescribes only in 30 years. Under our facts, therefore, Ms. Shaw's contractual right to the separate property of defendant has not prescribed.
In summary, we are compelled, under LSA-C.C. Art. 3532, to judge the prescriptability of Ms. Shaw's right to alimony and real property by the laws of this state since these rights are not barred in the state where they were to be performed. Under the Louisiana jurisprudence, the alimentary judgment which conferred upon Ms. Shaw her right to alimony is a non-money judgment not barred by the 10 year prescriptive period of LSA-C.C. Art. 3547 or LSA-C.C. Art. 3544. Furthermore, Ms. Shaw's right to immovable community property already owned by her by virtue of the community regime prescribes in 30 years under Article 3548 and Pearlstine. Moreover, Ms. Shaw's contractual right to the separate immovable property of her former husband is a right which similarly prescribes in 30 years under Article 3548 and the Grace, Messina, and Smith decisions. Therefore, neither Ms. Shaw's alimentary right, nor her right to the separate or community property has prescribed.
The judgment of the trial court sustaining the exception of prescription is overruled and this cause is remanded to the trial court for further proceedings not inconsistent herewith.
REVERSED AND REMANDED.
NOTES
[1] "LSA-C.C.P. Art. 2541. Execution of foreign judgments

A party seeking recognition or execution by a Louisiana court of a judgment or decree of a court of the United States or a territory thereof, or of any other state, or of any foreign country must bring an ordinary proceeding against the judgment debtor in the proper Louisiana court, to have the judgment or decree recognized and made the judgment of the Louisiana court.
A duly authenticated copy of the judgment or decree must be annexed to the petition."
[2] There is a body of century old jurisprudence holding that an action for recognition of a foreign judgment is a personal action barred by 10 year prescription. Succession of Beckham, 16 La.Ann. 352 (La.1861); Kemp v. Heirs of Cornelius, 14 La.Ann. 301 (La.1859); Deal & Co. v. Patterson, 12 La.Ann. 728 (La.1857); Surget v. Stanton, 10 La.Ann. 319 (La.1855). However, all of this jurisprudence occurred prior to the genesis of Article 3532 in the Revised Civil Code of 1870, there being no corresponding articles in the Civil Code of 1825 or 1808, or the Code Napoleon of 1804.
[3] "LSA-C.C. Art. 3547. Prescription and revival of money judgments

A money judgment rendered by a court of this state is prescribed by the lapse of ten years from its signing, if rendered by a trial court, or from its rendition if rendered by an appellate court.
An action in a court of this state to enforce a money judgment rendered by a court of another state, or of a possession of the United States, or of a foreign country is barred by the lapse of ten years from its rendition; but no such judgment is enforceable in this state if it is prescribed, barred by the statute of limitations, or otherwise unenforceable under the laws of the jurisdiction where it was rendered.
Any party having an interest in a money judgment may have it revived before it prescribes, as provided in Article 2031 of the Code of Civil Procedure. A judgment so revived is subject to the prescription provided by the first paragraph of this article. An interested party may have a money judgment rendered by a court of this state revived as often as he may desire."
[4] "LSA-C.C. Art. 3544. Personal actions, general rule

In general, all personal actions, except those before enumerated, are prescribed by ten years."
[5] Of course, to the extent not barred by LSA-C.C. Art. 3538, which states, in pertinent part:

"Art. 3538. The following actions are prescribed by three years:
That for arrearages of rent charge, annuities and alimony ...." (emphasis added)
[6] Article 5 of the agreement ratified by the Alabama judgment states:

"Respondent agrees to sign the necessary instrument to convey complete title to the complainant in that property owned by them, located on South Vienna St., Ruston, Louisiana; and respondent agrees that the complainant is to have all his interest in that certain property left in the estate of the Respondents mother Eva Pye Ferguson Joiner, said property being located in or near Ruston, Louisiana."
It is clear from this provision that the property on South Vienna St. is community and that defendant's interest in realty in his mother's estate is separate.
[7] "LSA-C.C. Art. 3548. Actions for immovables and entire estates

Art. 3548. All actions for immovable property, or for an entire estate, as a succession, are prescribed by thirty years."