457 So.2d 193 (1984)
Joe M. LEE, Plaintiff-Appellant,
v.
FORD MOTOR COMPANY et al., Defendants-Appellees.
No. 16512-CA.
Court of Appeal of Louisiana. Second Circuit.
September 26, 1984.
Rehearing Denied October 26, 1984.
Writ Denied December 7, 1984.
*194 Blanchard, Walker, O'Quin & Roberts by Jay Caraway and L. David Cromwell, Shreveport, for plaintiff-appellant.
McGlinchey, Stafford, Mintz, Cellini & Lang by Michael T. Pulaski, Michael M. Noonan, Eric Shuman, New Orleans, for defendants-appellees.
Before PRICE, JASPER E. JONES and FRED W. JONES, Jr., JJ.
FRED W. JONES, Jr., Judge.
Joe M. Lee filed suit against Ford Motor Company and Don Waller, who formerly did business as Waller Ford Company, for wrongful death and survival damages incurred when Lee's mother was killed by her 1975 Torino automobile when it suddenly shifted into reverse. Lee also alleged the applicability of Georgia law which allows punitive damage awards. The case is presently before this court to review the trial court's partial summary judgment denying the claim for punitive damages. We affirm the trial court judgment for the reasons hereinafter set forth.
The granting of a motion for summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits filed, show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Travelers Ins. Co. v. Blanchard, 431 So.2d 913 (La.App. 2d Cir. 1983).
No genuine issue as to a material fact has been raised by either party. The sole issue is whether the trial court properly refused to apply Georgia law when it denied Lee's claim for punitive damages.
It is now well-settled that the choice of law rule applicable in tort in Louisiana is a form of "interest analysis" applying the "most significant relationship" approach of the Restatement (Second) of Conflict of Laws. Jagers v. Royal Indemnity Company, 276 So.2d 309 (La.1973); Shaw v. Ferguson, 437 So.2d 319 (La.App. 2d Cir. 1983). Interest analysis is a two step process. We must first determine whether a true or false conflict exists. If a false conflict exists, the law of the state that has the exclusive interest is applied and the second step is unnecessary. If a true conflict exists, the law of the state with the most significant contacts is applied.
In this case, there is a true conflict. Georgia has an interest in preventing manufacturers within its boundaries from placing defective products in the stream of commerce. Georgia's punitive damage law, if applied in this case, would serve to deter a Georgia manufacturer, Ford, from placing allegedly defective cars into commerce. The Louisiana legislature has consistently refused to enact anything but narrow exceptions to the well-established jurisprudential prohibition of punitive damage awards. "Louisiana's interest is in protecting the integrity of its judicial system, rather than domestic defendants, from what it might consider inherently speculative *195 awards." Ardoyno v. Kyzar, 426 F.Supp. 78, 83 (E.D.La.1976).
Having found a true conflict, the second step is to determine which state has the most significant relationship to the issue by referring to the factors of the Restatement (Second) of Conflict of Laws (1969). The relevant provisions are:
§ 171. Damages
The law selected by application of the rule of § 145 determines the measure of damages.
Comment:
* * * * * *
d. Exemplary damages. The law selected by application of the rule of § 145 determines the right to exemplary damages.
* * * * * *
§ 145. The General Principle
(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.
These contacts are to be evaluated according to their relative importance with respect to the particular issue.
* * * * * *
§ 6. Choice-of-Law Principles
(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
(a) the needs of the interstate and international systems,
(b) the relevant policies of the forum,
(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
(d) the protection of justified expectations,
(e) the basic policies underlying the particular field of law,
(f) certainty, predictability and uniformity of result, and
(g) ease in the determination and application of the law to be applied.
The contacts of § 145 in favor of Louisiana are substantial. The injury occurred in Louisiana. All the parties are domiciled in Louisiana, incorporated in Louisiana or do significant amounts of business in Louisiana. Finally, the relationship of the parties is centered in Louisiana.
The only contact of § 145 in favor of Georgia is "the place where the conduct causing the injury occurred." This contact is not of great importance to the particular issue since Ford is a large operation which assembles its products all over the country. The fact that the particular product that injured this plaintiff came from Georgia is fortuitous and of relatively little importance. Consequently, the contacts deemed important in this type of case by the Restatement preponderate in favor of the application of Louisiana law.
Application of Louisiana law would not violate the relevant principles of § 6. Comity does not require deference to a state with fewer significant contacts. Louisiana, as the forum state chosen by the plaintiff, has the right to favor its own policies over the policies of a state with a less significant relationship to the issue. Denying punitive damages does not violate the aims of tort law because punitive damages are by definition beyond just compensation of the injured plaintiffthe goal of tort law as expressed in La.C.C. Article 2315. Certainly, *196 predictability and uniformity of result favor application of the forum's law because that is the law the forum knows best and is best equipped to apply. Likewise, ease in determination and application are factors favoring choice of forum law.
In summary, there was no genuine issue as to a material fact and Ford was entitled to judgment as a matter of law.
We affirm the trial court judgment at appellant's cost.