Rodney C. **RAMSEY**

v.

**BELL HELICOPTER TEXTRON, INC.**

Civ. A. No. 87–619.

United States District Court,
E.D. Louisiana.

Jan. 11, 1989.

Lawrence J. Smith, Trial Atty., Alan Brandon Parker, Thomas F. Weymann, Jean M. Farquharson, New Orleans, La., for Rodney C. Ramsey.

Spero & Rosenfield Co., LPA, Keith E. Spero, Cleveland, Ohio, for plaintiff.

Hulse, Nelson & Wanek, Randall L. Kleinman, New Orleans, La., for American Cas. Co. & C & B Production Contractors, Inc.

Milling, Benson, Woodward, Hillyer, Pierson & Miller, George B. Jurgens, III, Andrew Podolnick, W. Michael Workman, New Orleans, La., for Chevron USA.

Christovich & Kearney, A.R. Christovich, Jr., New Orleans, La., for Textron, Inc., Bell Helicopter Textron, Inc.

Terriberry, Carroll & Yancey, Robert S. Reich, New Orleans, La., for Frank Patton, Jr.

## ORDER AND REASONS

ARCENEAUX, District Judge.

This matter comes before the Court on the plaintiff's motion in limine relative to the applicability of Texas law on punitive damages in this matter. Having thoroughly reviewed the record, the memoranda of counsel and the law, the Court has determined that Texas law does not apply for the reasons set forth hereinafter.

Jurisdiction over this matter exists by virtue of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331 et seq., which provides in pertinent part:

> To the extent that they are applicable and not inconsistent with this subchapter or with other Federal laws and regulations of the Secretary now in effect or hereafter adopted, the civil and criminal laws of each adjacent state ... are hereby declared to be the law of the United States for the Outer Continental Shelf ...

A federal court applying Louisiana law under the OCSLA is applying it as federal law. *Chevron Oil Co. v. Huson*, 404 U.S. 97, 103, 92 S.Ct. 349, 353–354, 30 L.Ed.2d 296 (1971).

The Court initially disagrees with both parties to this motion that the adopted state law includes its choice of law rules in an OCSLA context, as held in *Hebert v. Kerr–McGee Corp.*, 618 F.Supp. 767 (W.D. La.1985), and its progeny. The Supreme Court has been clear and consistent on this point. In *Huson, supra,* in rejecting an appellate decision relying on state conflicts of laws decisions, the Supreme Court held that since the federal court is not applying the law of another forum in the usual sense in an OCSLA case, ordinary conflict of laws principles have no relevance. *Huson, supra,* 404 U.S. at 103–104, 92 S.Ct. at 353–354. In so holding, it took care to note that it did not imply that a federal court adjudicating a claim under state law as absorbed in the OCSLA must function as it would in diversity. *Huson, supra* at 103, fn. 5, 92 S.Ct. at 353, fn. 5. Indeed, the Fifth Circuit has held that diversity, if otherwise present, cannot provide the applicable law nor serve as the basis of jurisdiction in an OCSLA case. *Bartholomew v. CNG Producing Co.*, 832 F.2d 326 (5th Cir.1987).

■ Any doubt concerning the simplicity of the rule in *Huson, supra,* should have been erased by the Supreme Court in *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 101 S.Ct. 2870, 69 L.Ed.2d 784 (1981). The Court not only cited *Huson, supra,* for the proposition that the OCSLA does supersede the normal choice of laws rules that the forum would apply, but elaborated: "The statute thus contains an explicit choice-of-law provision." *Gulf Offshore, supra* at 486, 482, fn. 8, 101 S.Ct. at 2879, 2877, fn. 8. Since the choice-of-law rule is provided by federal law, resort to a state choice-of-law rule is foreclosed, especially if the resulting remedy belongs to a state other than the one statutorily designated.

■ Indeed, a OCSLA personal injury action "is governed by federal law, the content of which is borrowed from the law of the adjacent state, here Louisiana." *Gulf Offshore, supra* at 481, 101 S.Ct. at 2876. Louisiana law provides all aspects of the remedy. *Olsen v. Shell Oil Co.*, 708 F.2d 976, 980 (5th Cir.1983), *cert. denied* 464 U.S. 1045, 104 S.Ct. 715, 79 L.Ed.2d 178 (1984). The application of federal law in this framework necessarily precludes the secondary consideration of a state choice-of-law provision which could effectively change the remedy otherwise adopted and transformed into the applicable federal law in a federal question case.

Moreover, and assuming that punitive damages are otherwise available to the plaintiff in this matter under Texas law, the Louisiana choice-of-law analysis does

not otherwise point to its application. Louisiana has adopted an interest analysis/most significant relationship approach to such decisions. *Jagers v. Royal Indemnity Co.*, 276 So.2d 309 (La.1973). It also recognizes depacage.[1] The analysis involves two steps: first, the Court must determine if a true or false conflict exists; if a true conflict exists, the law of the state with the most significant relationship to the issue is applied in accordance with the principles of the Second Restatement of Conflict of Laws ("Restatement"). *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147, 1169 fn. 38 (5th Cir. 1987).

In determining whether a true conflict exists, the Court examines the various competing interests of the states involved in the issue. Here, Louisiana has a clear interest in a Louisiana accident involving a Louisiana resident, and its interest in protecting the integrity of its legal system and effectuating and enforcing its own policies against exemplary damages is well recognized. *Lee v. Ford Motor Co.*, 457 So.2d 193 (La.App.1984), *cert. denied* 461 So.2d 319 (La.1984). Although the law of Texas may provide for punitive damages, mere variance does not provide a competing state interest. Texas manufacturers have not been singled out for such awards, and

the only arguable Texas interest in this matter is against its own citizen. The policy of deterrence reflected in such an award ultimately seeks the protection of Texas citizens against injury, and does not automatically translate into an interstate policy designed to punish its own manufacturing citizens for allegedly causing injury elsewhere.

Even if a true conflict existed, Texas law does not apply. Under § 171 of the Restatement, the issue of punitive damages is analyzed as a tort. Of the guiding principles [2], the Restatement commentators indicate that a tort case turns on consideration of the relevant policies of the forum, the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, and the ease in the determination and application of the law to be applied. *Brinkley & West, Inc. v. Foremost Insurance Co.*, 499 F.2d 928, 932 (5th Cir.1974).

A review of the general factors to be considered in determining the most significant relationship under these principles indicates that Louisiana has the most significant relationship to both the occurrence and the parties.[3] The particular section devoted to personal injury provides that "the local law of the state where the injury

---

1. Again, the process of analyzing separate issues within a single case and applying different law to different parts of the same case necessarily conflicts with the result intended by the choice-of-law provision contained in the OCSLA.

2. The Restatement sets these principles forth as follows:
   § 6 Choice-of-Law Principles
   (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
   (2) When there is not such directive, the factors relevant to the choice of the applicable rule of law include
     (a) the needs of the interstate and international systems,
     (b) the relevant policies of the forum,
     (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
     (d) the protection of justified expectations,
     (e) the basic policies underlying the particular field of law,
     (f) certainty, predictability, and uniformity of result, and

  (g) ease in the determination and application of the law to be applied.

3. The Restatement provides in pertinent part:
   § 145. The General Principle
   (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
   (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
     (a) the place where the injury occurred,
     (b) the place where the conduct causing the injury occurred,
     (c) the domicile, residence, nationality, place of incorporation, and place of business of the parties, and
     (d) the place where the relationship, if any, between the parties is centered.
   These contacts are to be evaluated according to their relative importance with respect to the particular issue.

**1384**

occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, another state has a more significant relationship." Restatement § 146. The Comments to that section indicate that the local law of the state where the personal injury occurred is most likely to be applied when, as here, the injured person has a settled relationship to that state, because he is domiciled or works there. In addition, here the injury occurred in the course of employment which is centered in the same state.

The only Texas contact in this matter derives from the defendant's domicile there, and its attendant design and manufacture of the helicopter there. While the comments to both § 145 and § 146 indicate that where the primary purpose of the tort rule is to punish or deter, the state where the conduct occurred may have peculiar significance, it cautions:

> This factor must not be over-emphasized, however. To some extent, at least, every tort rule is designed both to deter wrongdoers and to compensate the injured person.

Restatement § 145, Comment c; § 146, Comment e. The plaintiff's argument here is quite simple: the parameters of recovery in a products liability case should be determined by its origin and follow the product. Here, the defendant's helicopters are operated all over the world. While a Louisiana plaintiff may want to take advantage of awards not permitted by his own law, to adopt such a rule would obliterate any attempt for certainty, predictability and uniformity of result in every lawsuit involving a product.

At the very least, therefore, with respect to the issue of punitive damages, Louisiana would enjoy the most significant relationship to the occurrence and the parties. This Court joins in the apparently unanimous conclusion that Louisiana law governs a Louisiana resident's claim for punitive damages against an out-of-state manufacturer of products which were used and caused damage in Louisiana.

Accordingly,

IT IS ORDERED that the plaintiff's motion in limine is DENIED.