## No. 1195.

### JOHN CHAFFE & SONS VS. MRS. MARY F. WHITFIELD.

A note secured by mortgage, issued by a planter to the order of his merchant, to make good all advances for the working of a plantation, although received as "COLLATERAL SECURITY," may be sued on, directly by the latter, for the exact amount of the advances,—as a pledgee could do.

In the absence of proof of want of consideration, and in the presence of evidence showing that the advances have been made, payment of the note may be enforced by the seizure and sale of the mortgaged property.

APPEAL from the Twenty-seventh District Court, Parish of Richland. *Williams, J.*

---

*Montgomery & Rhymes*, and *A. L. Slack*, for Plaintiffs and Appellees.

*Po'ts & Hudson* for Defendant and Appellant.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action *via ordinaria* to enforce the payment of a note of $3,000, secured by mortgage.

The defence is, "that the note was given as collateral security for an account of supplies and cannot be enforced, being without consideration except for the amount due upon the principal debt, that for supplies; and that, as nothing was due on that account, the note cannot be enforced."

From a judgment in favor of the plaintiffs, the defendant appeals.

It appears that the defendant, who is a widow, applied in 1880 to the plaintiffs for an advance of supplies for her plantation.

To this the plaintiffs assented, on condition that she would execute a note for $3,000, secured on her plantation, saying that they would hold it as *collateral security* for her indebtedness.

The note was drawn and the mortgage given. On receiving the note, the plaintiffs passed the amount to the defendant's credit, charging her with all advances of whatever nature made by them to her, and sending her regular accounts of their relations, as merchants and planters, until the amount was absorbed.

It appears by an indorsement on the note, signed by the plaintiffs and by the defendant, that all interest was paid on the note up to January 17, 1884.

We have carefully weighed the testimony adduced by the plaintiffs and that given by the defendant, and remain satisfied that the advances alleged to have been made during a course of years, have been received, and that the defense of want of consideration set up is utterly groundless.

In her testimony, the defendant admits advances, although she does not specify the amount, and shows that out of the moneys received by her, she bought mules for more than $1,000.

The defendant can derive no comfort or relief from the circumstance that the plaintiffs had agreed to hold the note as *"collateral security.'*

The intention of the parties was clearly that the plaintiffs would furnish the supplies on a mortgage security given them by the defendant, and that in case of non-payment for those advances, the plaintiffs would have the right to enforce the note and mortgage. This is apparent, from the circumstance that the note is made payable to the order of the plaintiffs and that the mortgage given to secure the note is executed in their favor.

The right of the plaintiffs to sue directly on the note for the amount of the advances really made is undeniable (R. C. C. 3292); and may

well be assimilated to the right of the pledgee of a note, suing on the note pledged, to recover the amount due and which the pledge was designed to secure. R. C. C. 3170.

The judgment of the lower court has done justice between the parties and should not be disturbed.

Judgment affirmed.