No. 12,825.

SUCCESSION OF MRS. MARY A. MCDERMOTT. IN THE MATTER OF MRS. MARY CRONAN REBLER, ET ALS., VS. LAWRENCE CRONAN, EXECUTOR, ET ALS. ON PROCEEDINGS TO ANNUL WILL.

SYLLABUS.

(1.) The action of the heirs to set aside the sale by the executor, if the grounds exist, is not suspended because of the will of the deceased, the heirs attack as void.

(2.) The judicial sale is within the principle that avoids auction sales, for

fraudulent combinations to prevent bidding or other fraudulent practices of the executor or administrator and the purchaser, but consistently with the protection the law gives the *bona fide* purchaser at the sale made by the competent court for the payment of the succession debts, the allegations directed against the title of the adjudicatee should be distinct of the fraudulent practices claimed to annul the sale.

ON APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

*Pierson, Montgomery & Pierson* for Plaintiffs, Appellants.

---

*Felix J. Dreyfous* for E. Rith, Defendant, Appellee.

---

Argued and submitted November 21, 1898.
Opinion handed down December 19, 1898.
Judgment amended and Rehearing refused January 23, 1899.

---

The opinion of the court was delivered by

MILLER, J.    This appeal is by plaintiffs from the judgment of the lower court, sustaining the exceptions of the defendants, and dismissing the suit.

The suit is by the sole heir of Cronan, directed against his executor, and the purchaser of the property of the succession at a sale made under the order of the court; the petition, in effect, avers that the indebtedness of the succession was small; that the heirs were making arrangements to pay it; that the sale was at a period of the prevalence of fever in this city and of quarantine regulations; that the sale was precipitate, without petitioner's knowledge, and purposely for concealment from petitioners, and to defeat their rights, that the executor avoided interviews with petitioners, sought by them to obtain possession of the property; that at the sale the purchaser made repeated bids, as petitioners believe, to make it appear there was competitive bidding; that when petitioners, on the day of the sale, reached the place where the property was being offered, they were informed by the executor they could not bid; it is finally averred that at the offering of the property, a short time previous to the sale, a bid of thirty-nine hundred dollars was refused, and the subsequent adjudication to the

purchaser, one of the defendants herein, it is charged, was accomplished by collusion between him and the executor. The petition also attacked the will of the deceased in nuncupative form by public act, on the grounds that it was not dictated by the testator to the notary, or read by the notary to the testator, or received in the presence of the witnesses required by law, and that, in other respects, the will was invalid and the probate void. The prayer of the petition is that the will be annulled, the probate set aside, that petitioners be recognized as sole heirs or the deceased, that the sale to the defndant, the purchaser, at the succession sale, be set aside, and plaintiffs be adjudged owners, and put in the possession of the property.

The appeal is before us on the defendants' exception, sustained by the judgment of the lower court, of prematurity and of no cause of action; that plaintiffs have made no tender of the price paid by the purchaser and that the sale cannot be attacked collaterally.

The exception of prematurity is not, we presume, directed against the action, in so far as it seeks to set aside the will, but it is contended, if we correctly appreciate the argument that the sale to one of the defendants cannot be attacked until the will is annulled. We do not understand that the right of the legal heir to the property of the deceased is suspended by a void will of the deceased. The principle of the code is, that the legal heir succeeds to the property of the deceased by the fact of the death: *Le mort saisit le vif.* Civil Code, Articles 872, 873, 940, 941; Womack vs. Womack, 2nd Ann. 339; Addison vs. New Orleans Savings Bank, 15th Ann. 527; 2nd Hennen's Digest, p. 1461, No. 7. It results, we think, that the right of action of these plaintiffs, as legal heirs, to have set aside a sale of the succession property, they claim to be illegal, was not suspended by the will of the deceased, we must assume for the purposes of the exception to be void. The exception that the judicial sale cannot be collaterally attacked asserts a correct principle, but, in our opinion, this suit is a direct attack. True, the petition bears the number of the succession, but, nevertheless, the question presented is raised, not incidentally, in a suit brought for some other purpose, but this suit is brought to annul the sale, and by petition in the form prescribed by the Code for the ordinary action. C. P. Arts. 170 *et seq.;* Brosnaham vs. Turner, 16th La. 433; Derbigny vs. Peirce, 138th La. 551. Nor do we think the exception, that plaintiffs have not tendered to the purchaser the price the exception assumes to have been paid, entitled to more favorable

consideration. The payment of the price, if there has been any payment, would be a matter of defence on the merits. The exception of no cause of action directs attention to the allegations in the petition designed to show a basis to annul the sale. In this connection, the argument for the defendant invokes the protection the law affords the purchaser at the judicial sale. See the line of cases collected in 2nd Hennen's Digest, p. 1494, No. 5. It is quite true that this general rule does not place judicial sales beyond that redress due to the injured parties, when the sale is the result of fraudulent practices of the purchaser or representative of the succession, but when that redress is sought there should be the distinct specification of the frauds that taint the judicial sale with nullity. The alleged precipitancy of the sale; that the heirs were not apprised of the day of the sale by the executor, and that the heirs were arranging to pay the succession debt, small in amount, cannot be deemed to furnish any ground to set aside the adjudication ordered by the competent court and preceded by advertisements, deemed by the law adequate notice to all interested. That the heirs were told they could not bid, a right secured to them by law, and of which they are presumed to know, would be but a slender basis to disturb a judicial sale, least of all, when it is not averred they were prepared to bid and were deterred by the alleged statement of the executor. The petition contains no allegation there was any combination to prevent bidding unless we can infer it from the averment that the purchaser prompted bids to give the appearance of competitive bidding, an averment that does not carry the significance of the exclusion of any disposed to bid. The order of the court required the adjudication to the highest bidder and the previous bid of three thousand nine hundred dollars, alleged in the petition, would not annul the adjudication for seventeen hundred and fifty dollars, if bidding was open to all, and no more was bid. We find in the petition no allegation of the value of the property, and that it was sacrificed, unless we can deem this value and sacrifice implied by the averment of a higher offer not renewed when the sale took place. All these allegations are followed by the averment of collusion between the executor and the purchaser, but interpreted by the allegations on which the collusion seems to be based, the averment adds but little, if any strength to the case made by the petition. We reach the conclusion that the allegations of the petition do not exhibit the fraudulent acts of the adjudicatee and purchaser; the value of the property and its

sacrifice, and other causes, if any, of that sacrifice, imputable to these parties, pertinent to this controversy and requisite to the relief sought in respect to the sale. In maintaining the exceptions on this branch of the case, we will reserve, though hardly necessary, the plaintiff's right to amend their pleadings.

The plaintiffs' suit to annul the will based on the non-observance of the legal requisites of the nuncupative will by public act is properly directed against the executor by the sole heirs of the deceased and exhibits a cause of action. If the grounds exist to avoid the sale the purchaser may be joined as defendant. The exceptions directed against the suit to annul the will should, in our opinion, have been overruled.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, and it is now ordered and decreed that the exception of no cause of action to the suit against the adjudicatee be maintained with leave to plaintiffs to amend their pleadings, the other exceptions be and they are hereby overruled, the cause remanded for trial and that defendants pay costs.

Mr. Justice Breaux dissents.

———

ON APPLICATION FOR REHEARING.

Blanchard, J. In the decree handed down herein, the judgment of the lower court, maintaining the exception of no cause of action as to the suit against F. Roth, the adjudicatee, was sustained.

In remanding the case, however, which was necessary in consequence of our judgment on the other branch, we gave plaintiffs the right to amend their pleadings in reference to the demand against Roth. But no costs should have been adjudged against him as was the case in our former decree. In this particular it must be changed, and, accordingly, it is now ordered that so far as the costs of this appeal chargeable to said Roth are concerned, the same must be borne by the plaintiffs.