*289
 
 OVERTON,
 
 J.
 

 This is a proceeding by rule, instituted by Charles Konen, Sr., against two of his sons, Edward B. and Peter Konen, to annul a sale, made under judgment of court, to effect a partition between the plaintiff in rule and his children. The ground relied upon to annul the sale is that the defendants, who were the adjudieatees at the sale, chilled it by persuading or influencing Allen H. Generes, who was bidding on the property, to desist from' bidding, by which means defendants, in violation of plaintiff’s rights, as a coowrier, procured the property for $1,325, when they well knew that it was worth over $2,500.
 

 The evidence shows that the property was offered under judgment of court, at public auction, to effect a partition between plaintiff, who owned an undivided one-third interest in the property, and his children, who each owned an undivided two-fifteenths interest therein. It also shows that Allen I-I. Generes was the only person outside of the family who was bidding on the property, and that Edward B. Konen, who was dressed in the uniform of a motorman or conductor, and who was one of the adjudieatees, approached Generes, and said something to him, after which Generes ceased bidding. The evidence, however, is conflicting as to what Edward B. Konen said to Generes. The trial judge found, and our analysis of the evidence satisfies us that he is correct, that Konen told Generes that the sale was a friendly affair, and that, in the event he was not really interested, the heirs desired to purchase the property. Upon being thus informed, Generes ceased bidding, not desiring to interfere in an amicable affair. Generes, who is wholly disinterested, testified that he considered the property a bargain at $2,200, and that, had it not been for Konen’s remark, the property would have cost some one over $2,200, thereby showing that he would have bid that amount. The evidence further shows that a homestead association was wiiling to lend $2,100 on the property, and the evidence as a whole satisfies us that the property was worth, at the time of the sale, in the neighborhood of $2,-500. We feel safe in concluding that, had it not been for the remark, the property would have brought, at least, $2,200, from which finding it is apparent that injury has resulted to plaintiff because of the remark.
 

 One of the objects of sales at public auction is to obtain a fair price for those interested in the proceeds of the property. This is said to be the great object of the rules regulating such sales. Hence the concealment or misrepresentation of facts, amounting to fraud, is not the only cause for annulling a judicial sale, but anything said or done by one who becomes an adjudicatee, for the purpose of preventing competition at the sale, or, in other words, for the purpose of chilling it, which is reasonably capable of doing so, and has that effect, will be sufficient to annul the sale. Swain v. Kirkpatrick Lumber Co., 143 La. 30, 78 So. 140, 20 A. L. R. 665; 2 R. C. L. § 16, p. 1131. The facts in the cases of Schlater v. Brusle, 49 La. Ann. 1704, 22 So. 925, and Succession of McDermott, 51 La. Ann. 173, 24 So. 787, cited by defendants, make those cases different from the Swain Case and the present one.
 

 In the ease at bar, the request or statement made was one likely to prevent competition at the sale, was unquestionably made for that purpose, and had that effect. As a result, defendants obtained the property for a much less price than they otherwise would have obtained it. Plaintiff, who was no party to the request, will be injured in his rights, unless the sale is set aside. The trial judge so thought, and annulled the sale, and ordered the property resold.
 

 Eor these reasons, the judgment appealed from is affirmed.