471 So.2d 1106 (1985)
Debra A. ORTEGO, Plaintiff-Appellant,
v.
Helen ORTEGO and Avoyelles Trust & Savings Bank, Defendants-Appellees.
No. 84-521.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1985.
*1107 Preston N. Aucoin, Jules Ashlock, Ville Platte, for plaintiff-appellant.
Nelson M. Lee, John A. Boatner of Boatner & Luke, Bunkie, for defendants-appellees.
Before DOMENGEAUX, STOKER and DOUCET, JJ.
*1108 DOUCET, Judge.
Plaintiff-appellant, Debra A. Ortego, brought suit against defendant, Helen Ortego, and defendant-appellee, Avoyelles Trust & Savings Bank, in tort for conversion, damages and attorney's fees. Helen Ortego answered requesting a jury trial. The bank responded with a Motion for Summary Judgment founded upon written authorization from Debra Ortego instructing the bank to accept the signature of Helen Ortego on her checking account. The trial court granted a Summary Judgment in the defendant's favor which we reversed. Ortego v. Ortego, 425 So.2d 1292 (La.App. 3rd Cir.1981). On remand, a trial on the merits was held and thereafter the plaintiff's claim against the bank was dismissed with prejudice. From this judgment the plaintiff perfected this appeal.
The facts giving rise to this suit occurred after the death of Steven Ortego, husband to the plaintiff and son of defendant, Helen Ortego. Mr. Ortego was killed in an automobile accident on October 7, 1981. Prior to his death, Steven Ortego had purchased several insurance policies, designating his wife, plaintiff herein, as beneficiary. It is the proceeds of these policies and the parties' actions relative thereto that are the subject of the present litigation.
Following the husband's death, plaintiff decided to move from Bunkie to Sulphur, Louisiana. Before she could leave however, arrangements had to be made to settle outstanding debts. Accordingly, she paid a nocturnal visit to the home of an employee of defendant bank, Mrs. Sadie Roy, accompanied by her mother-in-law, also named defendant herein, whereat the bank employee executed a written instrument authorizing plaintiff's mother-in-law to sign plaintiff's checks for withdrawal of the defendant bank. The signed authorization was subsequently filed at defendant bank. In furtherance of this authorization, several checks were signed in blank by plaintiff and left with Mrs. Helen Ortego. Mrs. Ortego, mother of the decedent, was to pay off the trailer in which plaintiff and her late husband had lived.
Thereafter, checks representing proceeds of life insurance policies with decedent's wife named as beneficiary, were mailed to plaintiff in care of Mrs. Helen Ortego. Mrs. Ortego deposited these checks, two in the sum of $5,041.85 each and one for $50,000 on January 11 and 19, 1982, respectively, to the account of the plaintiff. Immediately after the latter aforesaid deposit, Mrs. Ortego drew a check in the sum of $50,000 payable to herself, on one of the checks signed in blank by plaintiff. Shortly after the insurance proceeds had been deposited and withdrawn from plaintiff's account at defendant bank she instituted this action seeking the recovery of these proceeds from Mrs. Helen Ortego and Avoyelles Trust & Savings.
The defendant bank moved for a Summary Judgment, supported by affidavits that stated that bank employees had knowledge of Mrs. Helen Ortego's authority to write checks for plaintiff. Several transactions were also listed which documents therein had signatures ascribed to plaintiff. The thrust of these affidavits was that the bank acted in good faith and that plaintiff was precluded from asserting her claim because her own negligence was a substantial cause of the unauthorized transactions. Plaintiff reasserted her contention that Mrs. Helen Ortego exceeded her authority and that the bank violated its duty to its customer when it cashed the checks drawn on plaintiff's account.
The trial court granted the Motion for Summary Judgment. We reversed on the ground that Summary Judgment is an inappropriate means of disposing factual issues concerning subjective states of mind and negligence. The case was remanded to the lower court in order to resolve these factual issues.
At the trial, all of the parties involved in these transactions testified in open court. After the trial, the trial court again dismissed the plaintiff's claim against the bank and granted her relief against Mrs. Helen Ortego for conversion in the amount of $66,083.50. From this judgment plaintiff perfected this appeal wherein plaintiff *1109 contends that the trial court erroneously dismissed the suit against the bank and that the trial court erred in failing to award damages and attorney's fees against Helen Ortego in addition to the amount awarded for the monies converted.
The sections of the Uniform Commercial Code applicable to this case are set forth in Title 10 of La. Revised States as follows:
"§ 3-15. Incomplete instruments
(1) When a paper whose contents at the time of signing show that it is intended to become an instrument is signed while still incomplete in any necessary respect it cannot be enforced until completed, but when it is completed in accordance with authority given it is effective as completed.
(2) If the completion is unauthorized the rules as to material alteration apply, even though the paper was not delivered by the maker or drawer; but the burden of establishing that any completion is unauthorized is on the party so asserting. Added by Acts 1974, No. 92, § 1, eff. Jan. 1, 1975.
§ 3-406. Negligence contributing to alteration or unauthorized signature
Any person who by his negligence substantially contributes to a material alteration of the instrument or to the making of an unauthorized signature is precluded from asserting the alteration or lack of authority against a holder in due course or against a drawee or other payor who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawee's or payor's business.
Added by Acts 1974, No. 92, § 1, eff. Jan. 1, 1975.
§ 3-407. Alteration
(1) Any alteration of an instrument is material which changes the contract of any party thereto in any respect, including any such change in
(a) the number or relations of the parties; or
(b) an incomplete instrument, by completing it otherwise than as authorized; or
(c) the writing as signed, by adding to it or by removing any part of it.
(2) As against any person other than a subsequent holder in due course
(a) alteration by the holder which is both fraudulent and material discharges any party whose contract is thereby changed unless that party assents or is precluded from asserting the defense;
(b) no other alteration discharges any party and the instrument may be enforced according to its original tenor, or as to incomplete instruments according to the authority given.
(3) A subsequent holder in due course may in all cases enforce the instrument according to its original tenor, and when an incomplete instrument has been completed, he may enforce it as completed. Added by Acts 1974, No. 92, § 1, eff. Jan. 1, 1975."
Thus, according to these aforementioned statutes, plaintiff is precluded from asserting the unauthorized alteration by Helen Ortego against the payor bank if plaintiff was negligent and the payor bank paid the instrument in good faith and in accordance with the reasonable commercial standards of the payor's (bank) business.
After a careful review of the record we discern no clear error by the trial court in its conclusion that the payor bank acted in good faith when it paid on the altered instruments or that such payment constituted a breach of reasonable commercial standards. At the trial, several bank employees testified that at the time of the transactions in question, they were aware of an authorization agreement between Helen Ortego and Debra Ortego which was understood to authorize the withdrawals and deposits by Helen Ortego. This evidence supports the trial court's conclusion regarding the bank's good faith. Furthermore, this conclusion is not clearly wrong and therefore will not be disturbed on this appeal.
In addition, the trial court's conclusion that the payor bank acted within *1110 reasonable commercial standards is not clearly wrong. Given the fact that the unauthorized checks were nonetheless signed by plaintiff and that some authority agreement was known to exist between Helen and Debra Ortego, we cannot say that payment of the transactions in question violated any duty of care imposed on the defendant bank. The responsibility for these unauthorized transactions rests with Debra Ortego because of her negligent assignation of authority and not with the bank which could not have known the extent of this authority agreement. The record further discloses that Debra Ortego was forewarned about signing blank checks, but chose to proceed with her course of action anyway. Under these circumstances, the payor bank cannot be held responsible for paying unauthorized checks.
This case was remanded for the full litigation of the factual issues of good faith and negligence. After substantial testimony in open court, the lower court made its factual conclusions. Our review discloses no clear error on the trial court's part and therefore this part of the judgment is affirmed.
The appellant's next assignment of error concerns the lower court's refusal to award damages and attorney's fees against Helen Ortego in favor of Debra Ortego as additional compensation for Helen Ortego's conversion of the funds in question. We point out that the issue of the existence of a conversion is not before this court because no appeal was taken concerning that part of the lower court's judgment. The appellant merely contends that the trial court should have awarded damages and attorney's fees against Helen Ortego as additional compensation for the conversion.
The general rule is that the measure of damages for a tortious conversion consists of the value of the property wrongfully appropriated plus interest. Holland v. First National Bank of Crowley, 398 So.2d 186 (La.App. 3rd Cir.1981); Gurst v. City of Natchitoches, 428 So.2d 502 (La. App. 3rd Cir.1983). Additional damages are merited for the mental anguish, inconvenience and humiliation suffered by the victim. Steadman v. Action Finance Corp., 197 So.2d 424 (La.App. 2nd Cir. 1967); Lincecum v. Smith, 287 So.2d 625 (La.App. 3rd Cir.1973).
The lower court awarded Debra Ortego $66,083.50 which represented the amount wrongly taken by Helen Ortego along with legal interest to run from the date of judicial demand. This award is in accordance with the law. However, the lower court erred in failing to award plaintiff damages to compensate for the inconvenience and embarrassment suffered by Debra Ortego as a consequence of Helen Ortego's tortious conduct. Our examination of the record in this case indicates that additional compensation of $5,000 in damages for the embarrassment and inconvenience caused by the conversion is a proper and adequate element of the plaintiff's recovery in this case. Accordingly, Mrs. Helen Ortego is hereby ordered to pay the sum of $5,000 in addition to the award of the lower court, with legal interest to run from the date of judicial demand.
The appellant also contends that she is entitled to attorney's fees from Helen Ortego. We could not find any authority for this proposition and we accordingly affirm the lower court's denial of plaintiff's request for attorney's fees.
For the foregoing reasons, the judgment of the trial court is affirmed and amended at appellant's cost.
AFFIRMED AND AMENDED.