531 So.2d 294 (1988)
BANK OF LAFAYETTE, Plaintiff-Appellee,
v.
Frank R. BAILEY, Jr. and Mary Louise White Bailey, Defendants-Appellants.
No. 87-496.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1988.
Writ Granted in Part November 18, 1988.
*295 Allen, Gooch, Burgeois, Breaux, Robison & Theunissen, P.C., Paul J. Breaux, Neil G. Vincent, Lafayette, for plaintiff-appellee.
Hiatt & Kuehne, G. Bruce Kuehne, Eugene F. Pollingue, Jr., and Kenneth N. Hawkins, Lafayette, for defendants-appellants.
Before GUIDRY, FORET and LABORDE, JJ.
GUIDRY, Judge.
Defendants, Frank R. Bailey, Jr. and Mary Louise White Bailey, appeal the granting of a partial summary judgment in favor of plaintiff, Bank of Lafayette (hereafter "Bank"), awarding plaintiff a deficiency judgment against defendants for
"... the difference between the amount due to plaintiff on that certain promissory note drawn to plaintiff's order and dated July 12, 1986 [sic], which July 12, 1986 [sic] note is in the original sum of $175,620.75 and executed by defendant, Frank R. Bailey, Jr., and the amount of the proceeds of the foreclosure sale held in this cause by the Sheriff on February 19, 1986 pursuant to Order issued by this Court".[1]
On appeal, defendants argue that the trial court erred in three respects:
1. The trial court incorrectly held that affidavits which contradicted each other on material issues of fact did not present a genuine issue of material fact for trial.
2. The trial court erred in signing an order permitting the filing of a supplemental answer, which was filed, and in then holding that the issue raised therein would not be considered on rehearing.
3. The trial court erred when it rendered summary judgment against Mary Louise White Bailey, as she did not sign the hand note which was secured by the collateral note and mortgage.
The Bank answered the appeal praying that the summary judgment of January 13, 1987, be modified so as to grant judgment in favor of the Bank and against defendants for
"... $175,438.50 with accrued interest from August 16, 1985 until paid and an attorney's fees of 25% of the principal and interest due, subject to a credit of $149,232.00 paid February 19, 1986."
The learned trial judge gave an excellent synopsis of the facts of the case in his written reasons for originally granting summary judgment in favor of plaintiff as follows:
"This is a suit for a deficiency judgment, filed by the Bank of Lafayette against Frank R. Bailey, Jr. and Mary Louise White Bailey. The plaintiff, Bank of Lafayette, filed a petition for executory process on December 19, 1985. Pursuant to a writ of seizure and sale, certain immovable property, which was the subject of a collateral mortgage executed by the defendants, Mr. and Mrs. Bailey, was *296 sold at a Sheriff's sale. From the proceeds of the sale $149,232.42 was applied as a credit to the balance due on a hand note signed only by Mr. Bailey. This hand note was payable in five monthly installments of $2500.00, with a final payment of $170,869.48. Interest on the hand note as stated in the verified petition was the `prime' or `base' lending rate at the Bank of Lafayette. The verified petition for executory process stated that the amount of interest due on the hand note through October 14, 1985 was $5,252.52 with a per diem interest of $56.48 until paid.
After all credits from the sale on the above stated property, the Bank of Lafayette in the present suit alleges that there is a principal balance due on the hand note of $37,332.37, accrued interest of $989.06 as of May 12, 1986, plus a per diem of $12.59 from May 12, 1986 until paid. Thus, this suit for a deficiency judgment."
The original hearing on the motion for summary judgment filed in connection with the suit for deficiency judgment was taken up on Monday, July 28, 1986. The matter was taken under advisement to be submitted on briefs which the court ruled were to be filed on or before August 1, 1986. Thereafter, on September 30, 1986, summary judgment was granted in favor of plaintiff. Subsequent to the signing of that judgment, several motions were filed by both sides: a motion for a new trial, a motion in opposition thereto, a motion to supplement pleadings, and a motion in opposition to the latter motion. These pleadings were all filed with the clerk of the trial court on either October 7, 1986 or October 8, 1986. Both the motion to supplement pleadings and the motion in opposition thereto, which prayed for a contradictory hearing on the issues were signed by the Commissioner of the Fifteenth Judicial District Court. In as much as judgment had already been rendered in the matter, the signing, by the Commissioner, of the motion to supplement pleadings, filed by defendants, was in error. The trial judge recognized this fact and, on December 8, 1986, held a hearing on the four motions filed subsequent to the judgment signed by him on September 30, 1986.
As a result of that hearing, the following judgment was rendered by the court on December 11, 1986:
"IT IS ORDERED, ADJUDGED AND DECREED that the Motion to Supplement Pleadings filed by defendants, Frank R. Bailey, Jr. and Mary Louise White Bailey is denied at defendants' cost.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Motion for New Trial filed on behalf of defendants, Frank R. Bailey, Jr. and Mary Louise White Bailey, is granted, however, only to permit this court to consider the Affidavits of:
G. Bruce Keuhne executed on July 31, 1986;
Yvonne (Bonnie) Ray Haight executed on July 28, 1986; and
Robert Wade executed on April 16, 1986, filed by defendants and attached to defendants' Memorandum in Opposition to Motion for Summary Judgment which were filed one week after hearing on the Motion for Summary Judgment, and to allow this court to reconsider its ruling on the Motion for Summary Judgment handed down on September 30, 1986, in light of said Affidavits."
After considering the matter on rehearing, the trial court, by judgment dated January 13, 1987, again rendered partial summary judgment in favor of the Bank. Defendants-appellants first urge that a genuine issue of material fact exists concerning whether the plaintiff, Bank, made certain representations, through its agents, to prospective purchasers, which statements they contend substantially reduced competitive bidding at the foreclosure sale. The issue raised was succinctly framed by the trial judge as follows:
"Prior to the time established for sheriff's sale of the property, but during the period of advertisement of such property, given to secure the payment of the debt referred to in the petition, one or more agents of the petitioner informed various *297 persons who were interested in purchasing such property that the petitioner would purchase the property at the sale for the full amount of the indebtedness and would sell the property at private sale thereafter."
Appellants urge that such fact is material because if it can be established that the statements were made and did stifle competitive bidding, such would constitute an irregularity in the judicial sale sufficient to deprive the Bank of its right to a deficiency judgment.
The affidavits of Mr. Keuhne and Ms. Haight both state the affiants' impression of statements made to them by alleged prospective purchasers of the Bailey property concerning statements reputedly made to those presumed prospective purchasers by employees of the Bank. In other words, the Keuhne and Haight affidavits are not based on personal knowledge. The affiants agree that the prospective purchasers with whom they spoke all were under the impression that the Bank planned to buy in the mortgaged property at the sheriff's sale and thereafter offer the home at private sale. In his affidavit, Mr. Wade stated that an unidentified representative of the Bank informed him that the Bank would offer up to $175,000.00 (the amount of its financial interest) at the sheriff's sale but that he might be able to buy the property for $176,000.00 at the sale. He also stated that the unidentified party inquired whether he would like to leave his name as a prospective buyer if the Bank bought the house at the auction. The Bank submitted the affidavit of Helen Johnson, executive assistant, attesting to the fact that she was the sole representative of the Bank handling the Bailey loan and that all representations made by the Bank would have been made only by her. She further stated that in response to inquiries of prospective buyers, she only informed them that the Bank could make no commitments in regard to the property because it was not the owner of the Bailey property, but that the Bank would protect its investment.
"One of the objects of sales at public auction is to obtain a fair price for those interested in the proceeds of the property. This is said to be the great object of the rules regulating such sales. Hence the concealment or misrepresentation of facts, amounting to fraud, is not the only cause for annulling a judicial sale, but anything said or done by one who becomes an adjudicatee, for the purpose of preventing competition at the sale, or, in other words, for the purpose of chilling it, which is reasonably capable of doing so, and has that effect, will be sufficient to annul the sale. Swain v. Kirkpatrick Lumber Co., 143 La. 30, 78 So. 140, 20 A.L.R. 665; 2 R.C.L. § 16, p. 1131...." Konen v. Konen, 165 La. 288, 115 So. 490 (1928). See also Pearlstine v. Mattes, 223 La. 1032, 67 So.2d 582 (1953). Although defendants do not seek annullment of the sale, but rather avoidance of liability on a deficiency, the principles enunciated in Konen, supra, apply.
We first note that, according to the record, the Bank was not the adjudicatee at the auction. Second, there is no allegation that the Bank contacted anyone or entered into any agreement with anyone in an attempt to prevent or limit competition at the sale. Additionally, the statements allegedly made by the Bank, as set forth in the Keuhne, Haight and Wade affidavits, did no more than state the Bank's rights under the law. Finally, the record reflects that the property appraised for $165,000.00 and sold for $155,000.00, 94% of its appraised value.
It is well settled that affidavits and other papers supporting the position of the party moving for summary judgment are to be closely scrutinized, while pleadings, affidavits and documents filed in opposition to said motion are to be indulgently treated. Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Company, 427 So.2d 1152 (La.1983); Ortego v. Ortego, 425 So.2d 1292 (La.App. 3rd Cir.1982), writ denied, 429 So.2d 147 (La. 1983), appeal after remand, 471 So.2d 1106. Further, affidavits filed in connection with a motion for summary judgment, whether supporting or opposing, must be made on personal knowledge, must set forth facts which would be admissible in evidence at *298 trial and must affirmatively show that affiant is competent to testify to the matters stated therein. La.C.C.P. art. 967; White v. National Surety Corporation, 436 So. 2d 751 (La.App. 3rd Cir.1983).
The trial judge found no genuine issue as to material fact. He concluded that the representations allegedly made by Bank personnel, set forth in the Keuhne, Haight and Wade affidavits, were no more than statements of the Bank's rights as a seizing creditor and its willingness to exercise those rights. Although the affidavits may raise an issue of fact concerning whether the Bank's personnel made the statements attributed to them by the several affidavits filed by defendants, such disputed fact is not material to a determination of the issue presented because such statements, even if made, were not improper. We find no error in the trial court's conclusion in this regard.
We find no merit to the second error urged by defendants. As we previously explained, the order permitting the filing of defendants' supplemental answer was signed by the Commissioner after summary judgment had been rendered by the trial judge. Accordingly, since an answer cannot be amended after judgment is rendered, the Commissioner was without authority to sign the order permitting the filing of a supplemental answer. Templet v. Johns, 417 So.2d 433 (La.App. 1st Cir. 1982), writ denied, 420 So.2d 981 (La.1982); Janes v. Richard, 3 La. 486 (1832); Landry v. Baugnor, 17 La. 82 (1841). Later, the trial judge at a contradictory hearing, although granting a limited new trial, refused to allow the amendment of defendants' answer. We find no error in the trial court's determination to disallow the amendment.
Lastly, defendants argue that since only Mr. Bailey signed the hand note, Mrs. Bailey should not have been cast in judgment along with her husband. We find no merit in this contention.
On April 10, 1984, both Frank Bailey, Jr. and Mary Louise White Bailey signed the collateral mortgage and the collateral mortgage note waiving division and promising to pay $250,000.00 upon demand. On April 12, 1984, both Frank Bailey, Jr. and Mary Louise White Bailey executed a pledge of this collateral mortgage and the collateral note to secure any indebtedness of Frank Bailey, Jr., to the Bank of Lafayette, up to the sum of $250,000.00. This pledge agreement was accepted by the Bank. Therefore, the collateral mortgage note being pledged for an obligation evidenced by the hand note executed by Frank Bailey, Jr. bound both Mr. and Mrs. Bailey, in solido, for payment of that obligation up to the full amount of the collateral mortgage note. Chaffe v. Whitfield, 40 La.Ann. 631, 4 So. 563 (1888); Zibilich v. Rouseo, 157 La. 936, 103 So. 269 (1925).
The Bank answered defendants' appeal praying that the judgment appealed from be amended so as to grant judgment in the appellee-Bank's favor and against appellants for $175,438.70 with accrued interest from August 16, 1985 until paid and an attorney's fee of 25% on the principal and interest due, subject to a credit of $149,232.00 paid February 19, 1986. We decline to amend the judgment of the trial court as the Bank requests for the following reasons. First, the trial court did render judgment in favor of the plaintiff, Bank, against defendants for the difference between the amount due to plaintiff on that certain promissory note drawn to plaintiff's order dated July 12, 1985 and the amount of the net proceeds of the foreclosure sale. However, the trial court refused to grant a specific monetary judgment in favor of the plaintiff, the court finding a question of fact as to "how the proceeds of the sale of the mortgaged property was applied between the hand note and the interest due". For this reason, the trial court granted a partial summary judgment leaving for further determination the exact amount of principal, interest, etc., remaining due on the note of July 12, 1985 after the credit for the net proceeds derived from the foreclosure sale. Since there apparently exists a dispute among the parties concerning a proper application of the net proceeds of the foreclosure to defendants' total indebtedness, the trial *299 court properly refused to grant summary judgment on this issue.
For the above and foregoing reasons, we amend the judgment of the trial court dated January 13, 1987 so as to indicate that that certain promissory note drawn by Frank R. Bailey, Jr. to his order is dated July 12, 1985, in lieu of July 12, 1986, and, as amended, said judgment is affirmed at defendants' cost.
AFFIRMED.
NOTES
[1] The record reflects that the promissory note referred to was executed by Frank R. Bailey, Jr. on July 12, 1985. We will amend the trial court's judgment accordingly.