595 So.2d 379 (1992)
J. Corwyn ALDREDGE, Plaintiff-Appellee,
v.
Victor MOSES, et al., Defendants-Appellants.
No. 90-888.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1992.
*380 Kyzar & Celles, Van H. Kyzar, Natchitoches, for defendant/appellant.
McCoy & Hawthorne, Kenneth D. McCoy, Jr., Natchitoches, for plaintiff/appellee.
Before DOUCET, KNOLL and HOOD,[*] JJ.
WARREN E. HOOD, Judge Pro Tem.
Plaintiff-appellee, J. Corwyn Aldredge, brought suit against the defendants-appellants, Victor Moses, Zvika Moses, and Diamco International, for the tortious conversion of inventory located at Nation's Jewelry. Plaintiff asked for the value of the merchandise taken plus damages. At trial the parties stipulated that the name Victor Moses be dropped from the suit. After trial on the merits, the district court rendered judgment in favor of plaintiff-appellee. The trial judge awarded $10,832.88 as the value of items taken by Mr. Zvika Moses. The trial judge also awarded $4,000.00 as special damages. It is from this judgment that defendants-appellants appealed. They list three assignments of error: (1) the trial court erred by ruling that a conversion had taken place; (2) the trial court erred by awarding $10,832.88 without offsetting the debt owed to defendant; and (3) the trial court erred by awarding $4,000.00 as "cost of litigation" which defendants claim equals attorney fees.

FACTS
Plaintiff, J. Corwyn Aldredge sold his jewelry business to Luther Nation. Mr. Nation operated his jewelry business under the name of "Nation's Jewelry". To provide security for the credit sale, plaintiff secured a chattel mortgage on the inventory of the business.
Zvika Moses, who does business as Diamco International, Inc., sold diamonds to Nation both for cash and on consignment. It was stipulated that Nation owed Moses and Diamco International $6,538.70.
The facts which gave rise to the current litigation occurred on March 10, 1989. On this date Zvika Moses entered Nation's Jewelry and removed certain items of inventory, including a large number of gold chains and rings. Mr. Moses requested that Nation's employee make a list of the items which were removed and the weight of each.
Thereafter, on March 13, Mr. Aldredge seized the remainder of the inventory by court order. Nation subsequently filed for bankruptcy. Aldredge "purchased" the right of Nation to sue appellants for conversion from the bankruptcy trustee.
It is disputed whether or not Nation gave appellant, Zvika Moses, permission to remove inventory in satisfaction of the debt owed to Moses. The trial court ruled that no such authority had been given. Further, the trial court ruled that even if Nation had authorized Moses to remove inventory from the store, it would be of no legal significance because Nation could not authorize any use of the inventory in derogation *381 of the chattel mortgage held by Aldredge.

LAW
Appellants' first assignment of error is that the trial judge erred in concluding that a conversion had occurred. After a careful review of the record, we can discern no clear error committed by the trial court. The question of Nation authorizing Moses to remove inventory from the store is essentially a fact question. We are convinced that there was sufficient evidence in the record to support the ruling of the trial judge. If Moses had no authorization from Nation, then this is clearly a conversion.
Defendants' second assignment deals with the proper measure of damages. The determination of actual damages is a question of fact. The trial court's factual findings will not be disturbed on appeal unless they are manifestly erroneous and have no reasonable basis in fact. Kolder v. State Farm Insurance Co., 520 So.2d 960 (La.App. 3d Cir.1987). The general rule is that the measure of damages for a tortious conversion consists of the value of the property wrongfully appropriated plus interest. Ortego v. Ortego, 471 So.2d 1106 (La.App. 3d Cir.1985). The proper measure of damages for the loss of an inventory that was for sale in the usual course of trade is the cost of replacement, without reduction for depreciation. Peacock's Inc. v. Shreveport Alarm Co., 510 So.2d 387 (La.App. 2d Cir.), writ denied, 513 So.2d 826, 827, 828 (1987).
The trial judge determined the value of the gold wrongfully appropriated by Moses to be $10,832.88. He accepted the figure of $12.50 per gram as the price paid by legitimate dealers buying and selling on recognized markets, as testified to by an expert witness. An employee of Nation's testified Nation sometimes had been able to purchase jewelry for less. The trial judge properly rejected the argument that the lower costs should be used as the basis for the calculations.
Appellants admitted that 670.63 grams were taken. The court found that an additional forty-nine wedding rings of varying and undetermined size and weights had been taken. The court determined, again based on the testimony of the expert witness of the average size of a wedding ring, that an additional 196 grams had been taken. Thus, the value of the total grams taken was $10,832.88. We find no error in the trial court's method of calculation or in the calculations.
Also under their second assignment of error, appellants claim a right of set-off or compensation. They contend that any award to Aldredge, as the assignee of Nation, should be reduced by the amount that Nation owed to appellants, $6,538.70. We disagree.
Civil Code Article 1894, former Article 2210, is reproduced below:
Art. 1894. Obligation not subject to compensation
Compensation takes place regardless of the sources of the obligations.
Compensation does not take place, however, if one of the obligations is to return a thing of which the owner has been unjustly dispossessed, or is to return a thing given in deposit or loan for use, or if the object of one of the obligations is exempt from seizure.
Acts 1984, No. 331, § 1, eff. Jan. 1, 1985.
The Louisiana Supreme Court analyzed former article 2210 in Tolbird v. Cooper, 243 La. 306, 143 So.2d 80 (1962). Under Tolbird and the cases cited therein, it is settled law that a tortfeasor who wrongfully converts property which belongs to another may not avail himself of the right of set-off or compensation. Since we agree with the trial court's holding that appellants wrongfully converted inventory of Nation's Jewelry, we reject appellants' claim of a right of set-off or compensation.
The remaining assignment of error deals with the separate award of $4,000.00, which the trial judge designated as an award "to cover the costs of litigation." This amount is substantially the amount of plaintiff's attorney's fees. Appellants characterize this award as attorney's fees. Appellants correctly point out that attorney's fees are not recoverable in actions for conversion. Ortego, supra. However, this *382 court noted in Ortego that "[a]dditional damages are merited for the mental anguish, inconvenience and humiliation suffered by the victim." Ortego, page 1110.
In that case the trial court had failed to make an award for mental anguish, inconvenience and humiliation. On appeal, this court amended the judgment to award additional compensation of $5,000.00 to the victim for her embarrassment and inconvenience.
In the present case the plaintiff alleged in paragraph VI of his petition that his assignors, Nation and his wife, suffered damages for "embarrassment, emotional distress and humiliation", and prayed for "such damages as are reasonable".
The award of $4,000.00 "to cover the cost of litigation...." apparently included attorney fees, and attorney's fees are not recoverable in a conversion action. Ortego, supra. While the award of $4,000.00 for cost of litigation is improper, the amount is an appropriate amount for mental anguish, inconvenience and humiliation. Accordingly, we will affirm the award of $4,000.00, but we will redesignate it as an award for mental anguish, inconvenience and humiliation.
For the reasons assigned, the judgment of the trial court is affirmed. Costs are assessed against defendants-appellants.
AFFIRMED.
NOTES
[*] Judge Warren E. Hood, Retired Judge of the Fourteenth Judicial District Court, Judge Pro Tempore.